**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert R. BROWN, Defendant-Appellant.**

**No. 77–1831.**

United States Court of Appeals, Seventh Circuit.

Heard March 2, 1978.

Decided Aug. 9, 1978.

Certiorari Denied Oct. 2, 1978.
See 99 S.Ct. 211.

Robert S. Bailey, Chicago, Ill., for defendant-appellant.

Ann C. Williams, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before FAIRCHILD, CUMMINGS and BAUER, Circuit Judges.

PER CURIAM.

In May 1975, defendant was indicted in the District of Maryland. The first count charged him with conspiracy in violation of Title 18 U.S.C. § 371, and the second count charged him with transportation of stolen securities in violation of 18 U.S.C. § 2314. In November 1975, the Government entered into a plea agreement with defendant stating that it would make no recommendation with respect to his sentence but would call the court's attention to any cooperation of defendant in other investigations. The next month defendant pled guilty to count one and not guilty to count two.

In September 1976, the Government amended its plea agreement because of defendant's cooperation in another case. In his letter, the prosecutor stated he would recommend probation and "If the Court does not believe that probation is appropriate, the government would not object to Mr. Brown's withdrawing his plea of guilty in which event the government would move for dismissal of the indictment." On October 14, the Government dismissed count two and the court gave defendant a three-year sentence but suspended it and placed him on probation for four years with a special condition that he make restitution to the extent possible in the amount of $2,000.

Defendant had moved to the Northern District of Illinois before he was sentenced in the District of Maryland. Approximately a month after sentencing defendant, United States District Judge Watkins of the District of Maryland transferred jurisdiction of defendant-probationer to the Northern District of Illinois where Judge Parsons accepted jurisdiction over him pursuant to 18 U.S.C. § 3653.

On February 1, 1977, United States Probation Officer Robert L. Compton filed a report with the District Court for the Northern District of Illinois requesting the United States Attorney to obtain a ruling to show cause why probation should not be revoked because of various violations of the conditions of probation that defendant had accepted. Defendant was subsequently arrested and hearings were held in April 1977 on the Government's motion to show cause why defendant's probation should not be revoked. On May 24, 1977, Judge McMillen rendered a decision revoking defendant's probation "on the basis of his unapproved and continued absences" from the Northern District of Illinois, "particularly when he was in Milwaukee under a false name from approximately January 27 to his arrest on February 5, 1977."

On August 2, 1977, Judge McMillen handed down another decision and denied defendant's motion to dismiss the indictment, to withdraw his guilty plea and to transfer the case to the District of Maryland. In the decision, the court noted that defendant's probation supervision was "transferred to

this court by agreement on November 12, 1976." The court also noted that the district judge in the District of Maryland had consented to permit a district judge in the Northern District of Illinois to change defendant's period of probation. The court refused to dismiss the indictment or to permit defendant to withdraw his guilty plea because the plea agreement in the District of Maryland had been complied with through the Government's obtaining of probation for the defendant on October 14, 1976. The court stated that under 18 U.S.C. § 3653 it had secured jurisdiction over the defendant, including enforcement of the probation terms, so that there was no ground to transfer the case back to the District of Maryland.

On August 16, 1977, Judge McMillen revoked defendant's probation and sentenced him to three-years' incarceration on the conspiracy count of the indictment.

■ Defendant first argues that the Government did not fulfill its plea agreement because it sought to revoke probation. In response, the Government relies on the following paragraph of the prosecutor's September 8, 1976, letter to defense counsel:

"In view of these factors and Mr. Brown's statements that he is presently employed in a legitimate business in Chicago, the government believes that it is obligated to strongly recommend probation for Mr. Brown for the violation to which he entered the plea of guilty in this district. If the Court does not believe that probation is appropriate, the government would not object to Mr. Brown's withdrawing his plea of guilty in which event the government would move for dismissal of the indictment."

Defendant received probation pursuant to that agreement and therefore we cannot accept his argument that the Government had agreed to a prospective grant of immunity. Brown was not promised unsupervised, unrevokable probation. If revoking probation when a defendant violates its terms breaches a plea bargain granting probation, then restrictions on probation in effect would be unenforceable. Judge McMillen correctly held that the conditions of the plea agreement were fulfilled and therefore his denial of defendant's motion to withdraw his guilty plea and to dismiss the indictment was correct.

■ Relying on Article III, Section 2, Clause 3 and the Sixth Amendment of the Constitution,[1] defendant's second argument is that resentencing on the original crime had to be in the District of Maryland. We disagree. As a statutory matter, by defendant's moving to the Northern District of Illinois and permitting probationary jurisdiction to be transferred there on November 12, 1976, the terms of 18 U.S.C. § 3653 became effective and empowered the transferee court to "revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, [to] impose any sentence which might originally have been imposed." Pursuant to that statute the federal judge in Maryland had expressly consented to having the probation period changed by the federal judge in Illinois. As a constitutional matter, the protections of Article III and the Sixth Amendment are inapplicable because the proceedings before Judge McMillen were not "trials for crimes" or "criminal prosecutions." See *Gagnon v. Scarpelli*, 411 U.S. 778, 781, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656. To the extent that the proceedings do have a similarity with a criminal trial, the underlying offense would be a violation of probation, for which venue in the Northern District of Illinois is proper. Notably, defendant does not argue that any of the justifications for local trials under Article III or the Sixth Amendment, such as the presence of witnesses or the expense of defending in a distant jurisdiction, are implicated by holding the probation revocation hearing in Illinois, where defendant supposedly was residing, nor does he argue

---

1. Article III, Section 2 of the Constitution provides:

"The trial of all crimes * * * shall be held in the state where the said crimes shall have been committed * * *."

The Sixth Amendment provides:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law * * *."

that any due process rights made applicable by *Gagnon* were denied. Finally, defendant's asserted venue protection under Article III and the Sixth Amendment is subject to waiver by his guilty plea (*United States v. Semel*, 347 F.2d 228 (4th Cir. 1965), certiorari denied, 382 U.S. 840, 86 S.Ct. 90, 15 L.Ed.2d 82; *Potter v. United States*, 304 F.2d 664 (8th Cir. 1962); *Earnest v. United States*, 198 F.2d 561 (6th Cir. 1952)), if not also by his apparent consent to the transfer (cf. *Yeloushan v. United States*, 339 F.2d 533 (5th Cir. 1964)).

The district court's orders are affirmed.