**UNITED STATES of America, Plaintiff,**

v.

**Jose CHEN, Defendant.**

**No. 87–6038–CR.**

United States District Court, S.D. Florida.

Nov. 9, 1993.

Howard J. Schumacher, Fort Lauderdale, FL, for defendant.

James Hopkins, Asst. U.S. Atty., Fort Lauderdale, FL, for plaintiff.

### ORDER

ZLOCH, District Judge.

THIS MATTER is before the Court sua sponte. It is the purpose of this order for this Court to explain in further detail its denial of the Defendant's ore tenus objection to the sentence imposed by this Court on August 20, 1993, at the Defendant's probation violation hearing. This order is designed to clarify, and not displace, the prior orders of this Court.

## BACKGROUND

The relevant facts in this case are not in dispute. On February 26, 1987, the government obtained an indictment against the Defendant charging him with two counts of unauthorized use of an access device. After thoughtful negotiation, the parties entered into a plea agreement. In pertinent part, the text of their agreement states:

1. The Defendant, Luis Cardi–O'Nofre a/k/a Jose Degaberto Chen, agrees to plead guilty to both counts of the indictment charging the defendant with unauthorized use of access devises in violation of Title 18, United States Code, Section 1029(a)(2). . . .

3. The parties understand and agree that the Court may impose any sentence authorized by law on Count I and that the Defendant may not withdraw his plea on Count I solely as a result of the sentence imposed. The parties agree that the maximum sentence the Court can impose on Count II is five (5) years consecutive probation (with the condition that he leave the United States and not return without the permission of the Attorney General), restitution and a $50 assessment. If this Court imposes a greater sentence, he may withdraw his plea.

4. In return for the Defendant's plea, the Government will not prosecute him for perjury or other viable related charges surrounding this series of violations. . . .

6. The parties agree that if, after acceptance of the plea and before sentencing, the Defendant violates any term of this Agreement, engages in any criminal activity or fails to appear for sentencing, this Agreement is null and void. . . .

(Plea Agreement DE 16 at 1–2) Pursuant to this agreement, the Defendant pled guilty to both counts of the Indictment, and this Court imposed a sentence of one year and one day as to Count I, five years reporting probation as to Count II, and restitution.

Subsequently, during the probationary term imposed for Count II, the Defendant was arrested and charged with a drug offense in a California state court. After serving a sentence in state prison for this crime, the Defendant appeared before this Court for a probation violation hearing. At the hearing, the Defendant admitted the violation of his probation, and this Court sentenced the Defendant to ten years in prison. (DE 49) The Defendant, however, objects to this sentence, and alleges that this Court is only empowered to sentence him pursuant to the terms of his original plea agreement. This Court has overruled the Defendant's objections.

## DISCUSSION

█ The issue before this Court concerns the effect of the Defendant's original plea agreement upon the sentence that this Court imposed at the Defendant's probation violation hearing.

█ The Supreme Court's decision in *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) governs the interpretation and enforcement of plea agreements. In *Santobello*, the Supreme Court recognized that: "the disposition of criminal charges by agreement between the prosecutor and the accused . . . is an essential component of the administration of justice. Properly administered, it is to be encouraged." *Santobello*, 404 U.S. at 260, 92 S.Ct. at 498. In order to properly administer this process, courts must see that plea bargaining is attended by safeguards to insure that the defendants receive "what is reasonably due in the circumstances." *Id.*, at 262, 92 S.Ct. at 499.

█ In *United States v. Jefferies*, 908 F.2d 1520 (11th Cir.1990), the Eleventh Circuit has further defined the analysis for interpreting plea agreements. First, courts should construe and apply plea agreements in a manner similar to the interpretation of contracts. However, judges should not accept a "hyper-technical reading of the written agreement," or "a rigidly literal approach" in the construction of its language. Second, courts should view the written agreement "against the background of negotiations," and they should not read the document to directly contradict an oral understanding. Third, a plea agreement that is ambiguous "must be read against the government." *Jefferies*, 908 F.2d at 1523.

Applying this approach, the meaning and effect of the Defendant's plea agreement becomes clear. In this case, the terms of the agreement are unambiguous. The Defendant promised to make a conditional plea of guilty to both counts in the Indictment, whereby he might have withdrawn his plea, if, as to Count II, the Court had sentenced him to more than five years consecutive probation. In return, the government agreed not to prosecute other viable charges against the Defendant.

After careful review of the record, this Court finds that the terms of this agreement were honored. The government did not prosecute "other viable charges" against the Defendant, the Defendant pled guilty to both Counts of the Indictment, and the Court imposed a sentence of five years reporting probation as to Count II. Having satisfied the terms of the agreement, the government and the Defendant fully performed and concluded their agreement at the original sentencing proceeding.

The Defendant, however, now asks that this Court revive certain aspects of the previous plea agreement, and apply them to the hearing presently at issue. Specifically, the Defendant feels, that upon his probation violation, this Court remains limited by the earlier agreement, and may only impose a sentence that conforms to paragraph three of the plea agreement. As stated earlier, paragraph three mandates a maximum sentence of five (5) years probation. As an alternative, the Defendant appears to make an implied request, since he has not been explicit, that he be allowed to withdraw his plea. After full consideration of the Defendant's position, this Court must decline the Defendant's requests.

Fundamentally, the Court finds that the Defendant's understanding of the plea agreement is not supported by a fair reading of its text. The Defendant was not promised unsupervised, irrevocable probation. However, this is exactly what the Defendant is hoping to obtain by his objections to this Court's sentence. "If revoking probation when a Defendant violates its terms breaches a plea bargain granting probation, then restrictions on probation in effect would be unenforcea-

ble." *United States v. Brown,* 583 F.2d 915, 917 (7th Cir.1978). In fact, if this Court were to accept the Defendant's interpretation, the logic of the plea agreement would force this Court to continually re-impose probation upon any violation committed by the Defendant; or, in the alternative, it would compel the government to try the Defendant upon stale evidence and allow him to escape the agreed probation, merely because, years after his original offense, the Defendant chose to violate the conditions of his release and withdraw his plea. Even though the Defendant might favor such a reading of the agreement, the facts do not warrant such an extreme result.

In this case, there is no evidence to suggest that, at the time of the bargain, either of the parties reasonably contemplated, or expected, that paragraph three of the agreement would forever limit a sentencing Court regardless of the Defendant's conduct while on probation. "Probation would be a useless implement in the criminal justice process if it could not be revoked," and it would be an inconsistent, and counter-intuitive interpretation of the plea agreement to rule that the prosecution had agreed to a bargain that defeats the very purpose of the sentence that they sought to obtain. *United States v. Gerace,* 997 F.2d 1293, 1295 (9th Cir.1993).

On the contrary, a fair reading of the agreement, viewed "against the background of negotiations," insists that the plea agreement expired once the conditions of the agreement were fulfilled at the original sentencing. Consequently, this Court finds that paragraph three of the agreement is not binding upon this Court at these proceedings, and the Defendant, having enjoyed the benefits of his original plea agreement, cannot now ask to revive parts of that old agreement, or attempt to change his plea at this late date. Accordingly, the prior rulings of this Court remain the same.

**DONE AND ORDERED.**