**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 15, 2009
Decided November 5, 2009

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-2580

| | |
|---|---|
| NATHAN GILLIS, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Western District of |
| | Wisconsin. |
| *v.* | |
| | No. 08 CV 117 |
| GREGORY GRAMS, | |
| *Respondent-Appellee.* | Barbara B. Crabb, |
| | *Chief Judge.* |

### O R D E R

Nathan Gillis, a Wisconsin prisoner, pleaded guilty to two counts of sexual assault and one count each of reckless endangerment, kidnaping, and false imprisonment. In exchange for his plea, the prosecutor agreed to recommend no more than 12 years' imprisonment. She kept her promise at Gillis's sentencing hearing, and the state court sentenced him to a total prison term of 12 years on the sexual-assault and reckless-endangerment charges, but withheld sentence and imposed probation on the remaining charges. Gillis completed his prison sentence but later violated the terms of his probation. Although the prosecutor recommended 20 years' imprisonment at the post-revocation sentencing hearing on the kidnaping charge, the court imposed a 12-year sentence. After exhausting his state remedies, Gillis filed a petition for a writ of habeas corpus, 28 U.S.C. § 2254, arguing, among other things, that the state breached the plea agreement by recommending imprisonment beyond the 12 years he had already served. The district court

denied the petition, but we granted a certificate of appealability. We affirm the judgment of the district court.

## I. Background

Gillis's victim testified at trial that she was walking home at night when Gillis grabbed her from behind, forced her into his apartment, and raped her. Gillis insisted that the victim was a prostitute and the sex was consensual, but he nevertheless decided midway through the trial to enter an *Alford* plea on each of the five counts, meaning he pleaded guilty but maintained his innocence. *See North Carolina v. Alford*, 400 U.S. 25 (1970). He faced a maximum prison sentence of 47 years, but, in exchange for his plea, the state agreed to recommend no more than 12 years in prison. The terms of the plea agreement were not put in writing, but the prosecutor announced them on the record:

> [T]he state has agreed that it will not recommend more than twelve years in prison on one or more of the counts—a cap of twelve years in prison. But also it is agreed the defendant will accept probation on any or all the counts that the state argues for probation on, and any length of time in terms of probation can be argued.

At sentencing the state recommended that the court impose consecutive sentences of five years' imprisonment on each of the sexual-assault charges and two years' imprisonment on the reckless-endangerment charge, for a total of 12 years, and withhold sentence but impose concurrent terms of 20 years' probation on the kidnaping charge and six years' probation on the false-imprisonment charge. The court adopted the recommendation.

Gillis served his 12-year prison sentence and was released in September 2005, but when he refused to register as a sex offender, he was detained at Wisconsin's Dane County jail, where his disorderly conduct led to revocation of his probation. At sentencing on the withheld kidnaping charge, the state recommended 20 years' imprisonment, the statutory maximum, and the court imposed a 12-year prison sentence.

On direct appeal Gillis argued, as relevant here, that the state violated the plea agreement by recommending a 20-year prison term at the post-revocation sentencing hearing. The state, he asserted, had agreed to recommend a total of 12 years' imprisonment for all five counts. And, because Gillis had already served his 12-year prison term, he argued, any further sentencing recommendation violated the plea agreement. The Wisconsin Court of Appeals disagreed, explaining that when a plea agreement does not

expressly extend beyond the original sentencing, its terms do not apply to sentencing after revocation of probation. The Wisconsin Supreme Court denied Gillis's petition for review.

Gillis filed a petition for a writ of habeas corpus attacking his sentence, but the district court denied the petition. We granted a certificate of appealability on the question whether Gillis's sentence violated his right to due process because the state breached the plea agreement by recommending a 20-year sentence at his postrevocation sentencing hearing.

## II. Analysis

We review de novo the district court's decision to deny Gillis's petition for a writ of habeas corpus. *See Pole v. Randolph*, 570 F.3d 922, 933-34 (7th Cir. 2009). To prevail, Gillis must demonstrate that the Wisconsin appellate court's decision either was based on an unreasonable determination of the facts in light of the evidence, or was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1)-(2); *Hartjes v. Endicott*, 456 F.3d 786, 789-90 (7th Cir. 2006).

In pursuing his due-process argument, Gillis first contends that the Wisconsin appellate court's conclusion that the terms of the plea agreement were limited to the original sentencing proceeding is an unreasonable determination of fact. The terms of a plea agreement are questions of fact, *United States v. Williams*, 198 F.3d 988, 992 (7th Cir. 1999), and we presume a state court's factual findings to be correct absent clear and convincing evidence to the contrary, § 2254(e)(1).

At Gillis's change-of-plea hearing, the prosecutor stated on the record that she would "not recommend more than twelve years in prison on one or more of the counts." Gillis interprets this to mean that the state's promise was linked, not to the original sentencing, but instead to the counts of conviction. Thus, according to Gillis, the state's promise to restrict its sentencing recommendation was binding at *any* future sentencing related to those counts. And, because the prosecutor recommended 12 years—the promised maximum—at his original sentencing, Gillis insists that the state could not recommend additional imprisonment under any circumstances.

Even assuming that Gillis's interpretation of the plea agreement is plausible, he has not presented any convincing evidence, as he must, that the Wisconsin appellate court's contrary interpretation is unreasonable. A plea agreement is a contract, and its terms are interpreted according to ordinary contract principles. *United States v. Artley*, 489 F.3d 813,

824 (7th Cir. 2007). The state's obligations under a plea agreement "are limited by what the parties in fact agreed to." *United States v. Lezine*, 166 F.3d 895, 901 (7th Cir. 1999). Here, the plea agreement did not expressly restrict the prosecutor's freedom to recommend a particular sentence in the event that Gillis's probation was revoked, and there is no evidence of an off-the-record agreement that the state would remain silent at a post-revocation sentencing hearing. Indeed, Gillis's suggested interpretation would render the plea agreement internally inconsistent. Although the prosecutor agreed to recommend no more than 12 years in prison, she reserved the right to recommend any length of probation on the remaining counts. If Gillis's interpretation of the plea agreement is correct, the state reserved its right to recommend a 20-year term of probation while simultaneously promising not to recommend further imprisonment if Gillis's probation was revoked—a result that would seemingly undermine the purpose of recommending probation at all. *See United States v. Barnett*, 415 F.3d 690, 692 (7th Cir. 2005) (explaining that plea agreement should not be interpreted in manner that would produce result the parties were unlikely to have agreed to).

The Wisconsin Court of Appeals based its decision on state precedent that the terms of a plea agreement do not extend to a sentencing after revocation of probation absent an express agreement otherwise. *See State v. Windom*, 485 N.W.2d 832, 835 (Wis. Ct. App. 1992). The same conclusion has been reached by the supreme courts of at least two other states. *See People v. Segura*, 188 P.3d 649, 658 (Cal. 2008); *Peltier v. State*, 657 N.W.2d 238, 244 (N.D. 2003). Further, several courts have rejected a defendant's proffered interpretation of a plea agreement where, as here, that reading would undermine the purpose of probation. *See United States v. Gerace*, 997 F.2d 1293, 1295 (9th Cir. 1993) ("Probation would be a useless implement in the criminal justice process if it could not be revoked. It would be inconsistent for the prosecution to agree to a bargain that would defeat the purpose of probation."); *United States v. Brown*, 583 F.2d 915, 917 (7th Cir. 1978) ("If revoking probation when a defendant violates its terms breaches a plea bargain granting probation, then restrictions on probation in effect would be unenforceable."); *United States v. Chen*, 837 F. Supp. 1225, 1227 (S.D. Fla. 1993) ("[I]t would be an inconsistent, and counter-intuitive interpretation of the plea agreement to rule that the prosecution had agreed to a bargain that defeats the very purpose of the sentence that they sought to obtain."), *aff'd without opinion by* 25 F.3d 1061 (11th Cir. 1994). Given the weight of authority supporting the Wisconsin appellate court's conclusion that the plea agreement did not extend beyond the original sentencing, Gillis cannot demonstrate that the determination was unreasonable.

This conclusion forecloses Gillis's second argument—that the outcome reached by the Wisconsin Court of Appeals is contrary to the Supreme Court's decision in *Santobello v. New York*, 404 U.S. 257 (1971). In exchange for the defendant's guilty plea in *Santobello*, the

prosecutor agreed to refrain from making a sentencing recommendation. *Id.* at 258. That prosecutor, however, was replaced before sentencing, and the new prosecutor recommended the maximum sentence, which the court imposed. *Id.* at 259-60. The Supreme Court remanded the case to the state courts, concluding that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration," the prosecutor must fulfill that promise. *Id.* at 262. *Santobello* thus stands for the general proposition that the government must keep its end of a plea bargain; it does not address the more narrow question whether the terms of a plea agreement extend to sentencing after revocation of probation. And because the Wisconsin appellate court reasonably determined that the terms of the plea agreement in this case were limited to the original sentencing proceeding, its conclusion that the government satisfied its obligations under the plea agreement is not at odds with *Santobello*. *See Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009) (explaining that when Supreme Court precedent establishes general standard, state courts have greater latitude to reasonably determine that defendant has not satisfied that standard).

### III. Conclusion

Accordingly, we AFFIRM the judgment of the district court.