**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gary NORGAARD, Defendant–Appellant.**

**No. 91–30007.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 1992.

Decided March 13, 1992.

---

Joe M. Quaintance, Tacoma, Wash., for defendant-appellant.

Jerald Olson, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Before HUG, NOONAN, and THOMPSON, Circuit Judges.

NOONAN, Circuit Judge:

Gary Duane Norgaard appeals the imposition of a sentence following the revocation of his probation, contending that the sentence violates a plea agreement with the United States. We agree with his contention and remand for resentencing.

## FACTS

In 1984 Norgaard entered into a plea agreement with the United States by which he agreed to plead guilty to a charge of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1) and to a charge of filing a false tax return in violation of 26 U.S.C. § 7206(1). The drug charge carried a maximum sentence of 15 years in prison and a fine of not more than $25,000. The tax charge carried a maximum penalty of three years imprisonment and a fine of $100,000. The plea agreement provided that if the court accepted it, pursuant to Federal Rules of Criminal Procedure 11(e), "any period of imprisonment on the drug charge shall run concurrent with any terms of imprisonment imposed on the tax charge" and that both terms of imprisonment would run concurrent to the federal sentence currently being served by the defendant. Norgaard agreed "to cooperate fully with any and all law enforcement agencies" and to provide true and complete information or testimony in the course of cooperating with the government.

The agreement was accepted by the court. Norgaard pleaded guilty to the two charges. He was sentenced to a six-year term of imprisonment and a special parole term following imprisonment on the drug charge. Sentence on the tax charge was suspended and Norgaard was placed on probation for five years, to commence when he was released from prison on the drug conviction.

Norgaard was released on August 28, 1988 from imprisonment on the drug charge and began to serve his probation. In January 1990 the federal authorities learned that he was involved in the distribution of marijuana and cocaine. Confronted by the government, Norgaard cooperated, ultimately pleading guilty to a single count of interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952(a)(3). On July 13, 1989 he was sentenced on this charge, receiving a downward departure for substantial assistance to the government; the sentence was 24 months imprisonment, to be followed by three years of supervised release.

The United States then petitioned for revocation of his probation on the tax charge. The district court revoked the pro-

bation and sentenced him to three years imprisonment on the tax charge that had been the subject of the 1984 plea bargain.

Norgaard appeals, contending the plea agreement does not allow a sentence of imprisonment on the tax charge consecutive to the sentence on the drug charge. He further now objects to the imposition of probation in 1984 as another violation of the plea agreement.

## ANALYSIS

 The plea agreement did not mention probation; however, at the time of Norgaard's sentencing in 1984, he made no objection to the imposition of probation. The case is distinguishable from *United States v. Kamer*, 781 F.2d 1380, 1388 (9th Cir.), *cert. denied*, 479 U.S. 819, 107 S.Ct. 80, 93 L.Ed.2d 35 (1986). In *Kamer*, Kamer's immediate challenge to probation confirmed his contention that the omission of probation in the plea agreement was intentional, so that the imposition of probation violated the agreement. In Norgaard's case the expectation was otherwise. He did not challenge his probation when he sought, and was denied, a reduction of sentence. He did not challenge his probation when he attempted, and failed, to remove the special parole term from his drug conviction. He did not challenge his probation when he signed his conditions of probation for the probation office. It is, therefore, reasonable to conclude that he understood that probation was within the terms of the plea agreement.

 The sentence for imprisonment after his violation of probation was, however, not permissible. His sentence on the tax count had been suspended. When a sentence is suspended, no sentence exists until one is imposed. *United States v. McDonald*, 611 F.2d 1291, 1295 (9th Cir.1980). When his probation was revoked the case reverted to its status at the time probation was granted. *United States v. Foster*, 904 F.2d 20, 21 (9th Cir.1990). The court was then bound by the contract that the United States had entered. *United States v. Sutton*, 794 F.2d 1415, 1423 (9th Cir.1986). The only sentence of imprisonment the court could impose had to be concurrent with the sentence imposed on the drug charge. Since Norgaard had already served the full term of imprisonment on his sentence on the drug charge, no sentence of imprisonment could be imposed for the tax charge.

This conclusion is awkward because it means that the court could, at most, impose a fine for the violation of the probation after the sentence on the drug charge had been served. There was almost no teeth in the order of probation. Nonetheless, this was the bargain the government made and the court accepted and that now must be kept.

REMANDED FOR SENTENCING IN ACCORDANCE WITH THIS OPINION.