**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Richard GERACE, Defendant–Appellant.**

**No. 92–10388.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 1993.

Decided July 2, 1993.

Christopher J. Cannon, Sugarman & Cannon, San Francisco, CA, for defendant-appellant.

Jeffrey L. Bornstein, Asst. U.S. Atty., San Francisco, CA, for plaintiff-appellee.

Before: GOODWIN, NOONAN, and T.G. NELSON, Circuit Judges.

GOODWIN, Circuit Judge:

Richard Gerace argues that he is entitled to a new sentencing hearing or to withdraw his plea of guilty because the government breached a plea agreement providing that it would "stand silent at sentencing" when it argued against leniency at a subsequent probation revocation hearing. In addition, Gerace contends that the district court violated Fed.R.Crim.P. 11's prohibition against judicial participation in the plea bargaining process when it modified the original sentence. We affirm.

I.

Gerace was indicted on April 20, 1989, in the Western District of New York on three counts of bank fraud. Gerace moved to have the case transferred to the Northern District of California pursuant to Fed.R.Crim.P. 20. Prior to the transfer, Gerace negotiated a plea agreement which was memorialized by the United States Attorney for the Western District of New York in a letter dated May

17, 1989. In exchange for Gerace's plea of guilty to each of the three counts of the indictment, the government agreed to "recommend that concurrent sentences be given and will otherwise stand silent at sentencing, except to respond to any statements made by the defendant or on his behalf which are inconsistent with the government's investigation." The case was then transferred to California.

Gerace pleaded guilty to the three-count indictment in accordance with the plea agreement. The district court imposed a two-year suspended prison sentence and five years of probation provided Gerace serve six months in a community corrections unit and pay a $15,000 fine. But, before a written Judgment and Commitment Order had been filed, Judge Smith sua sponte proposed an alternative sentence that she felt better accommodated Gerace's familial obligations. The alternative sentence raised the suspended sentence to five years and replaced the six-month halfway house confinement with 150 hours of community service. The probation conditions remained the same. In setting out the proposed modification, however, Judge Smith warned Gerace that a failure to comply with the conditions of probation would lead the court to lift the stay on the five-year prison sentence. Gerace accepted the modified sentence without objection.

On February 27, 1992, Gerace's probation officer filed a petition for revocation of probation alleging five separate probation violations. Judge Smith held a probation revocation hearing on April 20 and 23, 1992. In his summation, defense counsel conceded that Gerace had in fact violated the terms of his probation, but asked for the court to exercise leniency. Judge Smith reminded defense counsel of the terms of the modified sentence—that if Gerace violated his probation he would be subject to five years of imprisonment. The matter was continued for sentencing until June 17, 1992.

At the sentencing hearing, Judge Smith announced her findings that Gerace had indeed violated his probation. Gerace and his counsel again requested that the court exercise leniency, and Judge Smith then asked the government to comment. Defense counsel objected, citing the plea agreement that the government stand silent during sentencing. Judge Smith responded, "I don't think there's a plea agreement on probation." The government maintained that the plea agreement encompassed only the initial sentencing proceedings and not any subsequent ones, and then proceeded to argue against leniency. The government recommended that "the Court ... do something stronger than simply reinstating probation." At this time, defense counsel moved to withdraw Gerace's guilty plea on the ground that the government had violated the plea agreement. Judge Smith denied Gerace's motion to withdraw his plea, noting that the government had "not made any particular recommendation" concerning sentencing and stated, "what I do is going to be my decision." Judge Smith then lifted the suspension of the five-year sentence.

## II.

### A. Plea Agreement

■ The Supreme Court has made clear that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). It is axiomatic that plea bargains are contractual in nature: "Plea bargaining, in other words, though a matter of criminal jurisprudence, is subject to contract-law standards. Therefore, the terms of the agreement, if disputed, are to be determined by objective standards." *United States v. Arnett*, 628 F.2d 1162, 1164 (9th Cir.1979); *see also United States v. Fernandez*, 960 F.2d 771, 772 (9th Cir.1992). A court must therefore look to the facts of each case to determine what was reasonably understood by the parties to be the terms of the agreement. *Fernandez*, 960 F.2d at 772; *United States v. Sutton*, 794 F.2d 1415, 1423 (9th Cir.1986).

Gerace maintains that the plea agreement bound the government to silence not only during the original sentencing proceedings, but also during any subsequent probation revocation hearings. Implicitly conceding

that the agreement does not by its own terms encompass proceedings beyond the initial sentencing hearings, Gerace nonetheless contends that our recent holding in *United States v. Norgaard*, 959 F.2d 136 (9th Cir. 1992), supports his creative reading of the plea agreement. The proposition is unreasonable.

In *Norgaard*, the defendant pleaded guilty to a drug and a tax violation provided that "any period of imprisonment on the drug charge shall run concurrent with any terms of imprisonment imposed on the tax charge." *Id.* at 137 (internal quotations omitted). The court sentenced Norgaard to a six-year prison term for the drug conviction and suspended the sentence for the tax violation, imposing instead five years of probation. Norgaard served out his prison term, but while on probation for the tax charge he committed another felony. As a result, the court revoked Norgaard's probation and sentenced him to three years of imprisonment. *Id.* at 137–38. We vacated the sentence, finding that the new sentence violated Norgaard's plea agreement. The agreement had specified that any prison term for the tax violation had to be concurrent with any prison sentence for the drug violation. Because Norgaard had already served his prison sentence for the drug charge, a new prison term could not be imposed on Norgaard for having violated the terms of his probation. *Id.* at 138.

Gerace interprets the result in *Norgaard* to mean that a plea agreement extends beyond the time of the original sentence to any future probation revocation hearing. This, however, is not the import of *Norgaard.* That case simply enforced the expressed terms of the plea agreement. The arrangement between Norgaard and the government provided for a particular sentence, which, once accepted by the court, could not be altered at some later date. Gerace's circumstances are entirely different.

Gerace is not asking the court to enforce a specific sentence. He seeks instead to enforce a promise by the government to "stand silent at sentencing." The government kept its agreement at the original sentencing proceedings. There is no evidence to suggest that, at the time of the bargain, either of the parties ever contemplated that the government would be forever bound to silence at future hearings inquiring into the success or failure of probation. Probation would be a useless implement in the criminal justice process if it could not be revoked. It would be inconsistent for the prosecution to agree to a bargain that would defeat the purpose of probation. There was no error.

### B. *Rule 11*

■ Gerace also contends that the district court's modification of the original sentence violated Fed.R.Crim.P. 11's prohibition against court participation in plea negotiations. We do not, however, reach the merits of this argument. An appeal challenging a probation revocation proceeding is not the proper avenue through which to attack the validity of the original sentence. *See United States v. Simmons*, 812 F.2d 561, 563 (9th Cir.1987) (underlying conviction should be challenged under 28 U.S.C. § 2255 rather than in an appeal from a probation revocation).

**AFFIRMED.**