28 F.3d 109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Warren KAHAKUA, Defendant-Appellant.
 No. 93-10531.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 13, 1994.*
Decided May 23, 1994.
 
 Before: FARRIS, BEEZER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Warren Kahakua appeals his sentence on Count 4 for rape after the district court had granted his 28 U.S.C. Sec. 2255 motion to vacate the 20-year term, consecutive to an identical term on Count 2, originally imposed on March 17, 1980. When Kahakua was resentenced on November 24, 1992, he was given 13 years (or time served) on Count 2 but imposition of sentence on Count 4 was suspended and he was placed on five years probation. After he tested dirty and a show cause order had been issued why probation should not be revoked, both parties agreed that a probationary term was not permitted for Kahakua's rape conviction. On August 9, 1993 the court vacated its November 24, 1992 judgment on Count 4, and imposed a new sentence of 20 years imprisonment to run consecutive to Count 2. We have jurisdiction, 18 U.S.C. Sec. 3742(a), 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Kahakua argues that the district court went astray in its November 24, 1992 judgment by accepting the government's advice that it could legally impose a period of probation instead of sentencing Kahakua to time served on both counts, as it was tentatively inclined to do. This mistake, Kahakua contends, then allowed the court to impose urinalysis testing, which in turn produced the positive tests that led to the revocation hearing, vacation of the term of probation as illegal, and to the 20-year sentence based in part on the positive test results. He urges us to overturn the 20-year sentence on the footing that the government misadvised the court and the court could not thereafter correct the illegal portion of its judgment so as to make the sentence more severe based on events occurring during the illegal term of probation. We reject the argument.
 
 
 4
 First, as Kahakua's counsel conceded at the August 1993 hearing, there was no government misconduct in advising the court it could impose a term of probation; it was a good-faith mistake. Nor was any objection to the term of probation lodged at the time it was ordered. To the extent Kahakua's argument depends on misconduct, therefore, it fails. Further, while the district court did indicate at the November 24, 1992 hearing that it was inclined to resentence to time served on both Counts 2 and 4, it did not do so. In fact, the only judgment on Count 4 was suspension of sentence and imposition of probation. Accordingly, there is no basis for Kahakua's argument that his sentence was "increased," in effect, from time served to 20 years.
 
 
 5
 Kahakua argues that United States v. Rorex, 737 F.2d 753 (8th Cir.1984), is analogous. There, the Eighth Circuit vacated a sentence imposed on revocation of probation after the district court had sua sponte--and illegally--extended the defendant's term of probation and the revocation was based on a conviction occurring during the period of the illegal sentence. Here, however, Kahakua was not sentenced for violating the terms of probation; he was resentenced on the underlying rape count. The difference is that in Rorex's case, the event occurring during the illegal period of probation could not be used to revoke probation because Rorex was not lawfully on probation, whereas in Kahakua's case, the event occurring during the illegal term of probation was only evidence which the district judge took into consideration along with other information in resentencing Kahakua on the suspended sentence.
 
 
 6
 Kahakua also relies on a series of cases where we have held that the court may not increase the valid portion of a sentence originally imposed in resentencing after a Rule 35 motion.[1] See, e.g., United States v. Lewis, 862 F.2d 748, 750 (9th Cir.1988), cert. denied, 489 U.S. 1032 (1989); United States v. Best, 571 F.2d 484, 486 (9th Cir.1978); Kennedy v. United States, 330 F.2d 26, 27-28 (9th Cir.1964). These cases, which hold "that, where an original sentence was in excess of the statutory limit, the district court [may not] impose wholly new sentences ... but [is] limited to correcting the original sentence by eliminating the excess that rendered it illegal," United States v. Minor, 846 F.2d 1184, 1188 (9th Cir.1988) (quotation marks omitted), are inapposite. The district court in this case did not impose a sentence in excess of a statutory maximum; the term of probation was illegal because 18 U.S.C. Sec. 3651 barred the court from imposing it at all. There was, therefore, no "illegal excess" the district court could "lop off" the sentence, United States v. Jordan, 895 F.2d 512, 514 (9th Cir.1989), and because there was no sentence of incarceration actually imposed on Count 4, the Best-Kennedy cases do not apply. Cf. Contreras-Subias, 13 F.3d at 1344-45 (declining to extend Kennedy-Jordan line of cases where original sentence was "simply self-contradictory").
 
 
 7
 Finally, Kahakua urges that the interests of justice and equity require him to be resentenced to time served. Because he was never sentenced to time served, we disagree. He also suggests that it is unfair to have an increased sentence on account of an invasion of his privacy which would not have occurred but for the power to require testing that the illegal term of probation conferred. Again, the argument fails as there was no "increased" sentence; in any event, as Kahakua concedes, the probation officer was acting in good faith under the court's order. Accordingly, unlike Verdugo v. United States, 402 F.2d 599 (9th Cir.1968), cert. denied, 397 U.S. 925 (1970), and cert. denied, 402 U.S. 961 (1971), where we held that evidence illegally seized after conviction from the accused's home cannot be considered at sentencing, id. at 611, permitting the court to consider evidence of Kahakua's continuing problem with drugs, albeit adduced in connection with a term of the illegally-imposed probation, creates no incentive for illegal searches. See United States v. Vandemark, 522 F.2d 1019, 1023 (9th Cir.1975) (Verdugo requires exclusion "only where the contrary result would provide a substantial incentive for illegal searches").
 
 II
 
 8
 Kahakua argues that the court erred in considering the evidence of his positive drug tests because it was not "new" information about his "life, health, habits, [and] conduct," North Carolina v. Pearce, 395 U.S. 711, 723 (1969) (quotation marks omitted), overruled in part on other grounds, Alabama v. Smith, 490 U.S. 794, 803 (1989), since the fact that he had a drug problem was known to the court at the November 24, 1992 resentencing. Based on United States v. Williams, 651 F.2d 644 (9th Cir.1981), and United States v. Carrasquillo, 732 F.2d 1160 (3d Cir.1984), he contends that drug use cannot be "new" information for purposes of increasing the defendant's sentence. As we have already held, Kahakua's sentence was not increased and so Pearce is not implicated. However, even if his August 9, 1993 sentence were harsher, we disagree that the positive urinalysis does not represent "new" information. While Kahakua's history of drug use was well known to the court and had influenced both the original, vacated sentence and the imposition of probation, it was his post-November 24, 1992 drug use which the court explicitly stated it was considering in resentencing Kahakua again August 9, 1993. It did not err in doing so. Wasman v. United States, 468 U.S. 559, 563 (1984) ("The sentencing court ... must be permitted to consider any and all information that reasonably might bear on the proper sentence for the particular defendant, given the crime committed."). Kahakua's subsequent drug use was relevant to show that he had broken his promise to the court to remain drug free, and that he had resumed the very illegal activity (abuse of drugs and alcohol) that had been linked to his earlier, violent, criminal conduct.
 
 
 9
 Kahakua also argues that considering his drug use was unconscionable since the probation office didn't get him into a drug rehabilitation program despite the November 24, 1992 judgment ordering him to "participate in an alcohol abuse program and/or drug abuse program, or both[.]" The record shows that the probation office made reasonable efforts to help Kahakua satisfy this requirement, even though the office wasn't obliged to do so. The treatment program under contract with the office wouldn't accept Kahakua because of his history as a violent sex offender and because the program's only drug counselor was a woman. The probation officer recommended that Kahakua enroll in Narcotics Anonymous and Alcoholics Anonymous, but he did not do so. The district court did not err in considering the evidence of Kahakua's drug use.
 
 III
 
 10
 Kahakua argues that the district court's sentence of 20 years on Count 4 was excessive by comparison with what he would have received if he had legally been on probation and it had been revoked based on a positive urinalysis, or if he had been convicted of possession of the methamphetamine he used. We review a sentence within the statutory limits for abuse of discretion, United States v. Monaco, 852 F.2d 1143, 1151 (9th Cir.1988), cert. denied, 488 U.S. 1040 (1989), and we find none here. Kahakua was being sentenced anew for the rape charged in Count 4, not for use of drugs.
 
 IV
 
 11
 Kahakua argues that the government breached its plea agreement to "recommend that [Kahakua] be sentenced to ten (10) years incarceration in a federal prison as an adult offender" a number of times. First, by being "lukewarm" in stating at the November 24 hearing that the government would stand by the 1980 plea agreement. This does not run afoul of the agreement because the government did not agree to recommend a 10-year sentence with any particular degree of enthusiasm, and we have no license to imply such a term into the plea agreement. United States v. Benchimol, 471 U.S. 453, 455-56 (1985) (per curiam).
 
 
 12
 Second, by advising the court that it had the option to impose a term of probation on Count 4. However, the government did not argue for the term of probation; it merely advised the court (incorrectly, as it happens) of an alternative.
 
 
 13
 Third, by recommending a 60-year sentence on Count 4 before the probation revocation hearing, even though that recommendation was withdrawn once the parties had agreed the term of probation had been illegally imposed. The plea agreement bound the government to do no more than recommend a 10-year sentence on Count 4; it did not preclude it from taking a different position upon revocation of probation. See United States v. Gerace, 997 F.2d 1293, 1295 (9th Cir.1993) (government's agreement to "stand silent" at sentencing did not apply at probation-revocation hearing). In any event, the government stuck with the 10-year recommendation at resentencing August 9, and so fulfilled its obligations under the plea agreement.
 
 
 14
 Fourth, by asking the court at the August 9 hearing to clarify whether Kahakua would be eligible for parole under 18 U.S.C. Sec. 4205(a) (repealed 1987) (eligible after one-third of sentence) or Sec. 4205(b) (repealed 1987) (eligible at discretion of Parole Commission). The court had previously stated that "the sentence is imposed with the availability of parole, at the discretion and the judgment of the United States Parole Commission[.]" The judge interpreted the AUSA's inquiry as a request for a clear record, not a recommendation contrary to the plea agreement. There was no breach.
 
 
 15
 Finally, Kahakua argues that the government has breached the agreement by defending in this court the district court's 20-year sentence. Recognizing that the agreement is silent as to the government's obligations on appeal, Kahakua urges us to read the agreement expansively to include a promise not to argue for more than a 10-year sentence on appeal. We are required, however, to read the agreement according to "objective standards." Gerace, 997 F.2d at 1294. As Kahakua points to no "facts" showing that he and the government "reasonably understood" the terms of the agreement to include appeals, id., we will not imply such a term.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As the offense at issue took place in 1979, the pre-1987 version of Rule 35 applies. United States v. Contreras-Subias, 13 F.3d 1341, 1343 n. 4 (9th Cir.1994)