29 F.3d 636
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Peggy Y. POWERS, Defendant-Appellant.
 No. 93-10533.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 13, 1994.
Decided July 20, 1994.
 
 1
 Before: HUG, SCHROEDER and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Peggy Yvonne Powers appeals a revocation of probation and sentence. She claims that the evidence was insufficient, that revocation violated due process, the privilege against self-incrimination and the plea agreement, and that the court misapplied the Sentencing Guidelines and the plea agreement when it imposed a term of imprisonment. We affirm.
 
 DISCUSSION
 A. Sufficiency of the Evidence
 
 4
 Powers was charged with violating a special condition of probation that Powers "shall incur no new debts ... without approval of the Probation Officer," and the standard condition of probation that Powers "shall submit a truthful and complete written report" to the probation officer. The evidence showed that Powers did incur a new debt and that she was untruthful in her monthly supervision reports. She failed to report the receipt of the loans and misrepresented the balance in her bank account. She also engaged in other questionable financial practices. While the violations were in some ways technical, they were particularly serious in Powers' case because they represented conduct similar to that for which she had been convicted. It is clear that the court and probation office wanted to monitor and control Powers' financial manipulations and that the conditions of probation and financial reporting were designed to help them do that. It is equally clear that she violated both the letter and the spirit of her probation conditions. The district court did not abuse its discretion in revoking probation. See United States v. Laughlin, 933 F.2d 786, 790 (9th Cir.1991); United States v. Tham, 884 F.2d 1262, 1265-66 (9th Cir.1989); United States v. Guadarrama, 742 F.2d 487, 489 (9th Cir.1984) (per curiam).
 
 B. Due Process
 
 5
 Before accepting a guilty plea, the district court must inform the defendant of the maximum penalty, including the effect of any supervised release term. Fed.R.Crim.P. 11(c)(1). Powers concedes that the district court properly advised her of the maximum penalty. However, she argues that revocation violated due process because when she pled guilty and was sentenced she was not advised that any violation of the conditions of probation could result in a term of imprisonment.
 
 
 6
 Rule 11 does not require the court to explain the consequences of violating a condition of probation to the defendant before accepting a guilty plea. Moreover, that rule provides additional protection beyond the minimum required by the Constitution. Adams v. Peterson, 968 F.2d 835, 841 (9th Cir.1992) (en banc), cert. denied, --- U.S. ----, 113 S.Ct. 1818, 122 L.Ed.2d 448 (1993). Powers points to no authority which suggests that due process requires more explanation under these circumstances.
 
 
 7
 In this context, a probation violation is similar to other types of events which have been termed "collateral consequences" of a guilty plea. The district court is not required to inform the defendant of the collateral consequences of pleading guilty. See United States v. Brownlie, 915 F.2d 527, 528 (9th Cir.1990); Torrey v. Estelle, 842 F.2d 234, 235-36 (9th Cir.1988); Sanchez v. United States, 572 F.2d 210, 211 (9th Cir.1977) (per curiam). Moreover, the probation term could not add to the maximum penalty of which Powers was advised. Cf. United States v. Roberts, 5 F.3d 365, 368-70 (9th Cir.1993) (when term of supervised release could add to the maximum term of imprisonment, court had to give advisal). Accordingly, at the time it accepted her guilty plea the district court was not required to advise Powers of what might happen if she violated probation. Revocation of probation did not violate due process.
 
 C. Privilege Against Self-Incrimination
 
 8
 Powers claims that revocation and the sentence were improperly based on her refusal to waive her Fifth Amendment privilege against self-incrimination which resulted in her refusal to speak to the probation officer and to testify at the revocation hearings. This issue was not raised in the district court and we need not consider it here. United States v. Greger, 716 F.2d 1275, 1277 (9th Cir.1983), cert. denied, 465 U.S. 1007, 104 S.Ct. 1002, 79 L.Ed.2d 234 (1984).
 
 
 9
 In any event, the record does not support Powers' hyperbolie that the district court was obsessed with her refusal to testify. The district judge strongly and properly expressed his frustration with Powers' misconduct and desired an explanation, and that's all. See United States v. Smith, 893 F.2d 1573, 1583-84 (9th Cir.1990).
 
 D. Sentence in Violation of Plea Agreement
 
 10
 Generally, when probation is revoked the district court may impose any sentence that was available at the time of the initial sentencing. 18 U.S.C. Sec. 3565(a); see United States v. Dixon, 952 F.2d 260, 261-62 (9th Cir.1991). Powers argues that the only sentence available was the term of probation that the government agreed to recommend in the plea agreement. Thus, she concludes, the district court violated the plea agreement by sentencing her to a term of imprisonment when probation was revoked.
 
 
 11
 We disagree. Sentence was initially imposed in accordance with the plea agreement. The government had already performed the promise it made in that agreement. It did recommend probation, and Powers got probation. It was not forever bound to recommend only probation, regardless of Powers' conduct. See United States v. Gerace, 997 F.2d 1293, 1294-95 (9th Cir.1993). United States v. Norgaard, 959 F.2d 136, 138 (9th Cir.1992), does not govern this situation. In Norgaard, sentence was suspended and was not imposed until after probation was revoked. At that time, the plea agreement for concurrent terms of imprisonment had to be enforced. When, as here, sentence was imposed in accordance with the plea agreement, Norgaard does not require that the agreed upon sentence be imposed again and again and again upon each revocation of probation. Cf. United States v. Granderson, --- U.S. ----, 114 S.Ct. 1259, 1263, 127 L.Ed.2d 611 (1994).
 
 E. Term of Imprisonment
 
 12
 Powers argues that the district court failed to follow U.S.S.G. Sec. 7B1.4(a), which provided a sentencing range of 3-9 months, and instead imposed sentence under Sec. 2J1.3, which provided a range of 6-12 months. Although the policy statements in chapter 7 of the Sentencing Guidelines are not binding on the district court, the court must consider them. See United States v. Forrester, 19 F.3d 483, 484-85 (9th Cir.1994).
 
 
 13
 The district court did not identify which guideline it applied. It imposed a sentence of 12 months imprisonment, with credit for six months previously served in a community correction center. That sentence is consistent with the midpoint in the 3-9 month range suggested by Sec. 7B1.4(a), together with the increase for the six months served as required by U.S.S.G. Sec. 7B1.3(e). See also id. comment. (n. 4). It is also consistent with the top of the sentencing range under Sec. 2J1.3. Although Powers insists that the district court should have applied chapter 7, factoring in the six months already served, the sentencing range under chapter 7 was 9-15 months, whereas the sentencing range under chapter 2 was 6-12 months. Thus, Powers was potentially subject to a longer term of imprisonment under chapter 7. There is no reason to think that the district court would, under either circumstance, have meted out a lesser sentence than it gave here. Even if there were an error, it was harmless.
 
 F. Supervised Release
 
 14
 Powers contends that the district court was required to personally explain to her, at the time her guilty plea was taken, how supervised release works and the effect of any violation of supervised release. In the absence of that explanation, she argues, the district court could not impose a term of supervised release upon revocation of probation. We disagree.
 
 
 15
 At the plea colloquy, the district court advised Powers that the maximum penalty was five years imprisonment and three years supervised release. Powers was sentenced to a total of one year imprisonment and two years supervised release. That is well within the maximum penalty of which she was advised. She can demand no more.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3