46 F.3d 1139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth William BROWN, Jr., Petitioner-Appellant,
v.
Manfred MAASS, Superintendent, Respondent-Appellee.
 No. 94-35544.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 20, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth W. Brown, Jr., an Oregon state prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2254 petition, challenging his conviction for burglary and robbery.[1] Brown contends that his due process rights were violated because the state breached the plea agreement. We have jurisdiction under 28 U.S.C. Sec. 2253. After reviewing de novo the district court's denial of Brown's habeas corpus petition, see Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir. 1990), we affirm.
 
 
 3
 "Plea agreements are contractual in nature and are measured by contract law standards." United States v. De La Fuente, 8 F.3d 1333, 1337 (9th Cir. 1993) (quotations omitted). "[W]hat the defendant reasonably understood to be the terms of the agreement when he pleaded guilty" controls the construction of the agreement. Id. "The terms of the agreement, if disputed, are to be determined by objective standards." United States v. Gerace, 997 F.2d 1293, 1294 (9th Cir. 1993) (quotations omitted). Although the government must fulfill its promises in the plea agreement, it does not bind itself to terms not encompassed by the plea agreement. See id. (plea agreement binds the government to stand silent at sentencing as promised but not at any further proceedings not encompassed by the terms of the plea agreement); see also United States v. Pomazi, 851 F.2d 244, 250-51 (9th Cir. 1988) (when plea agreement is silent regarding sentence, recommending restitution is not a breach), abrogated on other ground sub nom. Hughey v. United States, 495 U.S. 411 (1990); cf. United States v. Escamilla, 975 F.2d 568, 571-72 (9th Cir. 1992) (use of defendant's confession at trial erroneous because no provision in the plea agreement authorized such use).
 
 
 4
 The plea agreement here contained a letter from the state to Brown and his attorney outlining the terms of the plea agreement and Brown's "Petition to Enter Plea of Guilty." The letter expressly stated that "[t]he state will reserve all sentencing options, awaiting receipt of a presentence investigation report." This provision was not included in Brown's petition. Brown acknowledges that the state's letter and Brown's petition formed the plea agreement, but argues that the extra provision in the letter must be excluded from the terms of the plea agreement. At the change of plea hearing, the state trial court repeatedly referred to the letter and the petition together and ensured that Brown understood the contents of both the letter and the petition. Brown answered negatively to the court's inquiry whether he wanted to ask "about anything contained in [his] petition to enter a plea of guilty or this letter of January 27, 1986." Viewing objectively, we conclude that Brown reasonably understood that the provision that "the state will reserve all sentencing options" was part of the plea agreement. See De La Fuente, 8 F.3d at 1337-38.
 
 
 5
 Brown contends that the state breached the plea agreement by recommending a minimum service of one-half of the sentence imposed. At the sentencing hearing, the state agreed with the presentence report's recommendation "with one minor exception." The presentence report suggested that Brown serve a minimum of five years before being eligible for parole. The state informed the court that Brown's codefendant was required to serve a minimum of ten years and asked the court to impose an identical sentence. Thus, the state exercised the sentencing options that it had reserved in the plea agreement by presenting its disagreement with the presentence report. See Gerace, 997 F.2d at 1294. Furthermore, the plea agreement did not explicitly prohibit the specific recommendation challenged here. See id.; Pomazi, 851 F.2d at 250-51; cf. Escamilla, 975 F.2d at 571-72. Accordingly, the state's comments do not amount to a breach of the plea agreement. See De La Fuente, 8 F.2d at 1337-38; Gerace, 997 F.3d at 1294.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 This is Brown's second appeal. The district court originally dismissed Brown's petition for procedural defect. We reversed and remanded for resolution on the merits. See Brown v. Maass, 11 F.3d 914, 915 (9th Cir. 1993) (per curiam)