51 F.3d 283
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clairen M. PAINE, Defendant-Appellant.
 No. 94-10231.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 10, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clairen M. Paine appeals the sentence imposed following revocation of his probation and supervised release. Paine claims the district court breached his plea agreement by sentencing him to additional time in prison after he violated the conditions of his release. The government agrees. We have jurisdiction under 28 U.S.C. Sec. 1291, and we vacate and remand this case for resentencing.
 
 
 3
 When imposition of sentence has been suspended and probation has been revoked, a case reverts to its status at the time probation was granted, United States v. Norgaard, 959 F.2d 136, 138 (9th Cir.1992), and a court may impose only the sentence it originally might have imposed, United States v. Foster, 904 F.2d 20, 21 (9th Cir.1990) (citing United States v. McDonald, 611 F.2d 1291, 1295 (9th Cir.1980)). A court is then bound by a plea agreement. Norgaard, 959 F.2d at 138.
 
 
 4
 Here, Paine pleaded guilty to three charges relating to his having fraudulently obtained student loans. His plea agreement, which bound the sentencing court, provided that "the United States and the defendant ... stipulate and agree that the defendant shall be sentenced to between 18 and 24 months imprisonment." The district court sentenced him on one count to 24 months in prison, and imposed suspended sentences and terms of probation on the other two counts. When, shortly after he was released from prison, Paine violated the terms of his probation, the district sentenced him to ten years in prison. Paine claims this sentence violates his plea agreement. We agree.
 
 
 5
 The district court originally sentenced Paine to the maximum term of incarceration his plea agreement permitted. Therefore, when Paine's probation was revoked, the district court was bound not to sentence him to any more jail time than he had already served. See Norgaard, 959 F.2d at 138; Foster, 904 F.2d at 21.[1]
 
 
 6
 VACATED AND REMANDED FOR RESENTENCING.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The parties' stipulation for summary reversal filed September 2, 1994 is denied as moot