60 F.3d 833
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Elmira IZMAILOVA, Plaintiff-Appellant,
v.
ST. LUKE'S-ROOSEVELT HOSPITAL CENTER, Psychiatric Unit,
Clark-8 Unit, Defendant-Appellee.
 No. 93-56489.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1995.*
Decided May 5, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Elmira Izmailova appeals pro se the district court's order denying her leave to file her medical malpractice action against St. Luke's Roosevelt Hospital Center ("St. Luke's") without prepayment of fees. The district court denied the in forma pauperis request because it found no basis for federal jurisdiction. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We vacate and remand.
 
 
 3
 Sec. 401(3). The district court originally sentenced Aldridge to o two years probation on each count, to run concurrently. As a condition of probation under 18 U.S.C. Sec. 3563(b)(12), the court required Aldridge to reside at a community correction facility for the first twenty-five days of probation. Upon revocation of probation, Aldridge was sentenced to two months imprisonment for each contempt offense, to be served consecutively.
 
 
 4
 Although Aldridge has served his four month term of imprisonment, the appeal of his sentence is not moot because the sentence may have collateral consequences for future sentences under the Guidelines. United States v. Dickey, 924 F.2d 836, 838 (9th Cir. 1991). The length of Aldridge's sentence affects his criminal history category for future sentences under Sec. 4A1.1 of the Sentencing Guidelines. If a new term of probation had been imposed upon revocation of probation, Aldridge's criminal history score would increase by only one point, as opposed to the two point increase for a sentence of at least two months imprisonment.
 
 
 5
 Aldridge contends that the district court erred by originally sentencing him to probation for the underlying criminal contempt charges. He argues the court had no authority to impose probation when he objected to serving probation. Irrespective of the merits of Aldridge's claim, "an appeal challenging a probation revocation is not the proper avenue through which to attack the validity of the original sentence." United States v. Gerace, 997 F.2d 1293, 1295 (9th Cir. 1993); see also United States v. Simmons, 812 F.2d 561, 563 (9th Cir. 1987) (underlying conviction should be challenged under 28 U.S.C. Sec. 2255 rather than in an appeal from a probation revocation). Accordingly, we do not reach the merits of this argument.
 
 
 6
 Aldridge also contends the district court erred by sentencing him to two consecutive terms of imprisonment upon revocation of probation when the original sentence was ordered to run concurrently. Prior to its September 1994 amendment, 18 U.S.C. Sec. 3565(a)(2) provided the district court may "revoke a sentence of probation and impose any other sentence that was available under subchapter A at the time of the initial sentencing." 18 U.S.C. Sec. 3565(a)(2); United States v. Forrester, 19 F.3d 482, 484 (9th Cir. 1994).
 
 
 7
 Here, the district court specifically determined that each contempt charged carried a maximum penalty of two months imprisonment, for a total possible sentence of four months imprisonment. Therefore, upon revocation of probation, the district court properly imposed a two-month term of imprisonment for each contempt offense, to be served consecutively. See 18 U.S.C. Sec. 3565(a)(2).
 
 
 8
 Finally, the government's request for damages under Fed. R. App. P. 38 is denied. Aldridge's issues on appeal are not so frivolous as to warrant Rule 38 sanctions.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3