76 F.3d 390
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven R. SMITH, Defendant-Appellant.
 No. 95-30079.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1996.*
Decided Jan. 17, 1996.
 
 Before: SNEED, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Steven R. Smith appeals the imposition of a provision, in his plea agreement, ordering forfeiture of $50,000. Smith also contends that his conviction or in the alternative, the forfeiture provision, violates the Double Jeopardy Clause. We have jurisdiction under 28 U.S.C. § 1291. We review both the legality of a sentence and a double jeopardy claim de novo. United States v. Redmond, 69 F.3d 979, 980 (9th Cir.1995) (sentence); United States v. Jernigan, 60 F.3d 562, 563 (9th Cir.1995) (double jeopardy).
 
 
 3
 In January 1994, Smith was indicted on six felony drug charges.[1] Pursuant to a plea agreement, Smith pleaded guilty to one count of conspiracy to import marijuana in violation of 21 U.S.C. § 963. The district court, in accordance with the terms of the plea agreement, sentenced Smith to sixty months imprisonment, five years supervised release, a fine of $70,000 and forfeiture of $50,000, the amount of the proceeds that Smith received from the charged drug activity.
 
 
 4
 * Forfeiture Provision
 
 
 5
 Smith contends that the forfeiture provision in his plea agreement is an illegal sentence and should be set aside. This contention lacks merit.
 
 
 6
 Smith first argues that the forfeiture provision should be set aside because it was not included in the court's oral ruling, and thus conflicts with the written plea agreement.
 
 
 7
 "Plea agreements are contractual in nature and are measured by contract law standards." United States v. De La Fuente, 8 F.3d 1333, 1337 (9th Cir.1993) (quotation omitted). "[W]hat the defendant reasonably understood to be the terms of the agreement when he pleaded guilty" controls the construction of the agreement. Id. "The terms of the agreement, if disputed, are to be determined by objective standards." United States v. Gerace, 997 F.2d 1293, 1294 (9th Cir.1993) (quotations omitted).
 
 
 8
 Here, the written plea agreement provided that: "STEVEN R. SMITH agrees to forfeit to the United States, the sum of $50,000.00, the amount of illegal proceeds for his smuggling activities in Count one of the Indictment." At Smith's change of plea hearing, Smith's defense attorney stated, "[y]our Honor, we determined one additional fact; namely, as (indiscernible) the plea agreement, Mr. Smith is paying $50,000 as a separate punishment, which was the money he received for being involved in this. That's going to be forfeited. We were concerned with the possibility of criminal tax problems...." At sentencing, the court asked the prosecutor if she had any objection to delaying the execution of Smith's prison sentence until the fall, in order for Mr. Smith to participate in the fishing season. The prosecutor replied, "[y]our Honor, I--we do not have any objection to that. And it also--that may be--he has agreed to pay $50,000 as a forfeiture, which I ask be made out to the U.S. Treasury Fund, and that would also give him time, hopefully, to do that also." Given the clear language of the written plea agreement, signed by Smith; his attorney's discussion of the tax consequences of the forfeiture at the plea hearing; and the prosecutor's agreement, at sentencing, to delay execution of Smith's sentence, in part to enable Smith to begin payment on the forfeiture provision; the "terms of the agreement ... determined by objective standards" clearly contemplate forfeiture of $50,000. See id.
 
 
 9
 Smith's contention that the district court was not authorized to include forfeiture in his sentence also lacks merit. Smith pleaded guilty to violating 21 U.S.C. § 963. Section 853(a) of Title 21 subjects any person convicted of violating 21 U.S.C. § 963 to forfeiture of any property derived from or obtained as a result of that violation. See 21 U.S.C. § 853(a) (Supp.1995).
 
 
 10
 Next, Smith's argument that the forfeiture provision must be set aside because the district court did not inquire into a factual basis for the forfeiture, as required by Rule 11, is precluded by Libretti v. United States, 116 S.Ct. 356, 363 (1995). In Libretti, the United States Supreme Court held that "[f]orfeiture is an element of the sentence imposed following conviction or ... a plea of guilty, and thus falls outside the scope of Rule 11(f)." Id.
 
 
 11
 Finally, we reject Smith's argument that the forfeiture must be set aside because it was not charged in the indictment. To so hold would compel the illogical conclusion that a defendant charged with murder could not plead guilty to manslaughter, pursuant to a plea agreement, without being first indicted for the lesser offense. See also id. (holding that forfeiture is an element of the sentence, not a substantive offense).
 
 II
 Double Jeopardy
 
 12
 Smith contends that because the plea agreement characterized the $50,000 forfeiture as "separate" and "punishment," he was convicted in violation of the Double Jeopardy Clause. In the alternative, Smith argues that the forfeiture provision violates the Double Jeopardy Clause. These contentions lack merit.
 
 
 13
 In $405,089.23 United States Currency, we held that a civil forfeiture constituted "punishment" and could be barred by the Double Jeopardy Clause if the forfeiture was exacted in a separate proceeding. United States v. $405,089.23 United States Currency, 33 F.3d 1210, 1222 (9th Cir.1994), amended on denial of reh'g, 56 F.3d 41 (1995), petition for cert. filed, 64 U.S.L.W. 3161 (U.S. Aug. 28, 1995) (No. 95-346) (emphasis added). Here, however, the Double Jeopardy Clause was not violated because Smith pleaded guilty and was sentenced to forfeit $50,000 at the same proceeding. See id.
 
 Accordingly, Smith's sentence is
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Smith was indicted on one count of conspiracy to import marijuana, one count of possession with intent to distribute, two counts of distributing marijuana, and one count of conspiracy to possess and distribute marijuana