**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jose RUIZ–CAMARENA, Defendant—
Appellant.**

**No. 05–50061.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 2005.

Decided July 28, 2005.

2736, 159 L.Ed.2d 683 (2004).

Ronald L. Cheng, Esq., Los Angeles, CA, Brett A. Sagel, Santa Ana, CA, for Plaintiff–Appellee.

Davina Chen, Los Angeles, CA, for Defendant–Appellant.

Before: FARRIS, D.W. NELSON, and ·TALLMAN, Circuit Judges.

MEMORANDUM *

Jose Ruiz–Camarena, a native and citizen of Mexico, appeals the district court's order revoking his supervised release and sentencing him to prison for twelve months for violating its terms. On appeal, appellant challenges the validity of his underlying sentence, contending that the district court exceeded its authority when it revoked appellant's probation because it was without authority to impose a term of supervised release in the first place. We dismiss the appeal for lack of jurisdiction.

*United States v. Simmons* makes clear that an underlying conviction may not be collaterally attacked on direct appeal from a district court order revoking probation, emphasizing that "a court should consider the petition for probation revocation as if the underlying conviction was unquestioned." 812 F.2d 561, 563 (9th Cir.1987).

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

In so doing, *Simmons* also establishes that the district court necessarily had jurisdiction to consider a petition for revocation of probation as long as the underlying conviction has not been set aside. *Id.* (citing *United States v. Francischine*, 512 F.2d 827, 828–29 (5th Cir.1975)). The same holds true for Ruiz–Camarena's challenge to the validity of his underlying sentence. *United States v. Gerace*, 997 F.2d 1293, 1295 (9th Cir.1993) (dismissing appellant's contention, in the context of a direct appeal from a probation revocation order, that the original sentencing court lacked authority to impose the modified sentence that it did, holding that "[a]n appeal challenging a probation revocation proceeding is not the proper avenue through which to attack the validity of the original sentence") (citing *Simmons*, 812 F.2d at 563). The proper method of challenging Ruiz–Camarena's underlying sentence is not on direct appeal from a probation revocation order, but on collateral review of the underlying sentence under 28 U.S.C. § 2255. Appellant's collateral challenge to his sentence is therefore not cognizable on this appeal. *Gerace*, 997 F.2d at 1295.

DISMISSED.