**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10298 |
| Plaintiff - Appellee, | D.C. No. 3:91-cr-00324-WHA-1 |
| v. | |
| OLAF PETER JUDA, pro se, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted February 11, 2013
San Francisco, California

Before: SCHROEDER, HAWKINS, and MURGUIA, Circuit Judges.

Olaf Peter Juda ("Juda") appeals the modification of his conditions of supervised release and order dismissing his motion to dismiss the supervised release revocation proceedings. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

I.

We review de novo the district court's authority to modify Juda's terms of supervised release, *United States v. Miller*, 205 F.3d 1098, 1100 (9th Cir. 2000), and determine that, having properly considered the statutorily enumerated factors, there was full authority to modify Juda's conditions of supervised release under 18 U.S.C. § 3583(e)(2). *See United States v. Gross*, 307 F.3d 1043, 1044 (2002). Changed circumstances were not required to modify those conditions. *See Miller*, 205 F.3d at 1100; *see also, e.g.*, *United States v. Navarro-Espinosa*, 30 F.3d 1169, 1171 (9th Cir. 1994).

Reviewing for abuse of discretion, *United States v. Napulou*, 593 F.3d 1041, 1044 (9th Cir. 2010), we hold that the imposition of these particular conditions was not an abuse of discretion in light of the nature of Juda's original offense and post-release behavior. *See United States v. King*, 608 F.3d 1122, 1131 (9th Cir. 2010).

II.

While we may consider whether district courts have authority to revoke a term of supervised release under 18 U.S.C. § 3583, *see, e.g.*, *United States v. Wing*, 682 F.3d 861, 863 (9th Cir. 2012), the validity of a conviction may not be collaterally attacked in, or on appeal from, a supervised release revocation proceeding. *United States v. Simmons*, 812 F.2d 561, 563 (9th Cir. 1987) (citing *United States v. Lustig*,

555 F.2d 751, 753 (9th Cir. 1977)) ("[A] conviction may be collaterally attacked only in a separate proceeding under 28 U.S.C. § 2255, and a court should consider the petition for probation revocation as if the underlying conviction was unquestioned."). Thus, Juda may not challenge the district court's jurisdiction over the revocation proceedings based on a claim that his underlying sentence is invalid. *See, e.g.*, *United States v. Ruiz-Camarena*, 141 F. App'x 580, 581 (9th Cir. 2005) (citing *Simmons*, 812 F.2d at 563) (rejecting a similar challenge to a district court's jurisdiction to consider a petition for revocation of supervised release).

**AFFIRMED.**