**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

FIDEL CASTRO-VERDUGO,
*Defendant-Appellant*.

No. 13-50386

D.C. No.
3:11-cr-03560-LAB-1

OPINION

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted
March 7, 2014—Pasadena, California

Filed May 6, 2014

Before: Alex Kozinski, Chief Judge, Susan P. Graber,
Circuit Judge, and Charles R. Breyer,[*] Senior District
Judge.

Opinion by Judge Graber;
Dissent by Judge Breyer

---

[*] The Honorable Charles R. Breyer, Senior United States District Judge for the Northern District of California, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel affirmed the district court's 2013 revocation of probation and the sentence imposed upon revocation, in a case in which the district court's 2011 imposition of the underlying probation was defective.

The panel rejected the defendant's contention that because of the defect in the underlying sentence, the district court in 2013 lacked jurisdiction under 18 U.S.C. § 3565(a) to revoke the probation. The panel held that because the defendant never moved to correct the 2011 sentence under 28 U.S.C. § 2255, and the term imposed had not expired, he was still serving a term of probation when he violated the conditions of his probation, thus satisfying the criteria to create jurisdiction under § 3565(a).

The panel held that the district court committed no procedural error in imposing a term of supervised release in connection with the 2013 probation violation, where the district court, in applying U.S.S.G. § 5D1.1, noted facts specific to the defendant's case that suggested the advisability of an added measure of deterrence. The panel also held that the imposition of supervised release was not substantively unreasonable.

Dissenting, District Judge Breyer wrote that he cannot concur in an opinion that upholds clear error.

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Matthew W. Pritchard (argued), Federal Defenders of San Diego, Inc., San Diego, California, for Defendant-Appellant.

Steven Lee (argued), Special Assistant United States Attorney; Laura E. Duffy, United States Attorney; Bruce R. Castetter, Assistant United States Attorney, Chief, Appellant Section Criminal Division, San Diego, California, for Plaintiff-Appellee.

**OPINION**

GRABER, Circuit Judge:

Defendant Fidel Castro-Verdugo was convicted of illegal reentry in 2011. At sentencing, the district court imposed a period of probation along with a stayed custodial sentence, thereby exceeding the court's authority under 18 U.S.C. § 3561(a)(3). In 2013, Defendant again was convicted of illegal reentry which, in addition to constituting a new crime, violated the conditions of his 2011 sentence of probation. On appeal from the probation revocation proceedings, Defendant argues that the district court in 2013 lacked jurisdiction because of the defect in the underlying 2011 sentence. Because Defendant never moved to correct the underlying sentence under 28 U.S.C. § 2255, he was in fact still serving a term of probation at the time of the new offense, so the district court in 2013 properly assumed jurisdiction under 18 U.S.C. § 3565(a). We therefore affirm.

FACTUAL AND PROCEDURAL HISTORY

Defendant is a Mexican citizen and national.  In 2011, he pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326.  He was sentenced to six months' imprisonment and a five-year term of probation.  The imposition of probation along with a custodial sentence was improper under 18 U.S.C. § 3561(a)(3), which precludes probation for a defendant who is sentenced to a term of imprisonment for the same offense.  *United States v. Forbes*, 172 F.3d 675, 676 (9th Cir. 1999).  Although the sentence imposed was clearly erroneous and Defendant was represented by counsel, Defendant did not move to vacate, amend, or correct the sentence.

Among the conditions of Defendant's 2011 probation were requirements that he (1) not violate any federal, state, or local laws and (2) not reenter the United States illegally.  The court noted that Defendant had no criminal history but that he had already been removed, and told not to reenter illegally, about 30 times.  As a condition of the plea agreement, Defendant waived the right to appeal or collaterally attack the court's judgment, except for a collateral attack predicated on ineffective assistance of counsel.  The court stayed Defendant's custodial sentence, and he was removed.

In 2013, Defendant again pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326.  The district court sentenced Defendant to six months' imprisonment and three years' supervised release for the new offense.  As part of his plea agreement, Defendant again waived the right to appeal or collaterally attack the conviction or sentence, except for a collateral attack predicated on ineffective assistance of counsel.

The United States Probation Office petitioned the court for a warrant to revoke probation in connection with Defendant's violation of his 2011 probation agreement. At the probation revocation proceedings, Defendant objected to the 2013 district court's jurisdiction on the ground that the 2011 imposition of probation was improper under *Forbes*, 172 F.3d at 676. The district court concluded that it had jurisdiction to revoke Defendant's probation. The court did so and sentenced Defendant to a prison term of six months and one day, to run consecutively with his term of imprisonment for the new offense, plus one year of supervised release, to run concurrently with the term of supervised release for the new offense. Defendant timely appeals the probation revocation and associated sentence.

## STANDARDS OF REVIEW

We review de novo the district court's assumption of jurisdiction over probation revocation proceedings. *United States v. Daly*, 839 F.2d 598, 599–600 (9th Cir. 1988). If jurisdiction was proper, we review for abuse of discretion the district court's sentence of supervised release. *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008).

## DISCUSSION

**A. The District Court Had Jurisdiction to Revoke Probation**.

Defendant argues that the district court lacked jurisdiction to revoke his probation in 2013 because, when the district court imposed probation in 2011, it did so in conjunction with a sentence of imprisonment, which it lacked authority to do under 18 U.S.C. § 3561(a)(3). *Forbes*, 172 F.3d at 676. As

an initial matter, the now-conceded defect in the 2011 sentence, although clear error, was not jurisdictional. "[J]urisdiction means today . . . the courts' statutory or constitutional *power* to adjudicate the case." *United States v. Cotton*, 535 U.S. 625, 630 (2002) (internal quotation marks omitted). The district court in 2011 had *jurisdiction* over Defendant's federal offense under 18 U.S.C. § 3231. It had authority to impose a sentence following his conviction under 18 U.S.C. § 3551 but exceeded its *statutory authority* under 18 U.S.C. § 3561 by imposing probation along with a custodial sentence. A sentence imposed by a court that lacks jurisdiction and an excessive sentence are two different grounds for post-conviction relief. *See, e.g.*, *Hitchcock v. United States*, 580 F.2d 964, 965 (9th Cir. 1978) (enumerating the four distinct grounds for relief under 28 U.S.C. § 2255). "[A] rule should not be referred to as jurisdictional unless it governs a court's . . . subject-matter or personal jurisdiction . . . even if important and mandatory . . . ." *Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011) (citations omitted).

But regardless of the nature of the underlying error, the validity of the 2011 sentence is not properly before us. "An appeal challenging a probation revocation proceeding is not the proper avenue through which to attack the validity of the original sentence." *United States v. Gerace*, 997 F.2d 1293, 1295 (9th Cir. 1993); *see also United States v. Simmons*, 812 F.2d 561, 563 (9th Cir. 1987) ("[A]n appeal from a probation revocation is not the proper avenue for a collateral attack on the underlying conviction."). *Gerace* controls. As here, the defendant in *Gerace* argued on an appeal from a probation revocation proceeding that there were legal defects

in the imposition of the original sentence of probation.[1] We held that we could not reach the merits of the defendant's argument, because any challenge to the underlying conviction should be brought as a 28 U.S.C. § 2255 petition. *See Gerace*, 997 F.2d at 1295. This holding is consistent with the rule from other circuits that have addressed the question. *See United States v. Lewis*, 498 F.3d 393, 395 (6th Cir. 2007); *United States v. Almand*, 992 F.2d 316, 317–18 (11th Cir. 1993); *Atehortua v. Kindt*, 951 F.2d 126, 128–29 (7th Cir. 1991); *United States v. Francischine*, 512 F.2d 827, 828 (5th Cir. 1975). And, as we discuss in more detail below, the rule is required by 28 U.S.C. § 2255.

Defendant argues that he is not attacking the original 2011 sentence, but is instead challenging the jurisdiction of the district court in 2013 to conduct a probation revocation

---

[1] In *Gerace*, the defendant used an appeal from a 1992 probation revocation proceeding, in which a stay of his five-year suspended sentence was lifted, to challenge the underlying 1989 sentence, which had been imposed as part of a plea agreement. 997 F.2d at 1294. One of his two arguments was that the district court had erred in 1989 when it modified the sentence that had been proposed as part of the underlying plea agreement. *Id.* The five-year term of imprisonment imposed in 1992 stemmed from the defendant's 1989 modified sentence and, on appeal from the 1992 probation revocation proceedings, we held that we could not reach the portion of the defendant's argument that concerned the alleged error in the 1989 sentencing. *Id.* at 1294–95. *Gerace*, like *Simmons*, stands for the simple proposition that we cannot reopen the underlying proceedings *at which probation originally was imposed* when the subject before us is *probation revocation*. This rule is so well settled and grounded in the text of 28 U.S.C. § 2255 that we generally apply it in a single sentence of a memorandum disposition. *See, e.g.*, *United States v. Juda*, 510 F. App'x 564, 565 (9th Cir.), *cert. denied*, 133 S. Ct. 2401 (2013); *United States v. Estrada*, 360 F. App'x 880, 881 (9th Cir. 2009); *United States v. Christensen*, 356 F. App'x 965, 965 (9th Cir. 2009) (unpublished decisions).

hearing.    Because he was not serving a "valid" term of probation at the time of the probation revocation hearing, Defendant reasons, the district court lacked jurisdiction under 18 U.S.C. § 3565(a) to revoke his probation.  But Defendant *was* serving a term of probation at the time of the probation revocation proceedings, albeit one imposed in error.  He is attacking the *validity* of the original sentence, which must be done in a § 2255 petition, not in a probation revocation proceeding.  *Gerace*, 997 F.2d at 1295.  Indeed, our holding in *Gerace* recognizes that an underlying sentence may not always be valid, but that a court tasked with conducting or reviewing probation revocation proceedings may not investigate the validity of the original sentence.  *Id.*; *see also Simmons*, 812 F.2d at 563 ("[A] court should consider the petition for probation revocation as if the underlying conviction was unquestioned.").

In short, the *only* criteria necessary to create jurisdiction over probation revocation proceedings are (1) that the defendant still be serving a term of probation and (2) that the defendant violate its conditions.    Under  18  U.S.C. § 3565(a)(2), "[i]f the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may . . . revoke the sentence of probation and resentence the defendant."    Because Defendant had not moved to vacate, correct, or amend his 2011 sentence under 28 U.S.C. § 2255, and the term imposed had not expired, he was still serving a term of probation when he violated the conditions of his probation, thus satisfying the criteria to create jurisdiction in 2013.

Nothing in the two cases that Defendant cites, *United States v. Schmidt*, 99 F.3d 315 (9th Cir. 1996), *overruled on other grounds by United States v. Palomba*, 182 F.3d 1121,

1123 (9th Cir. 1999), and *United States v. Vargas-Amaya*, 389 F.3d 901 (9th Cir. 2004), suggests that *Gerace* does not control here. *Schmidt* and *Vargas-Amaya* considered for how *long* a district court retains jurisdiction to conduct probation revocation or parole revocation hearings, respectively. Title 18 U.S.C. § 3565(a) gives the district court authority to continue or revoke probation "at any time prior to the expiration or termination of the term of probation," while 18 U.S.C. § 3565(c) allows the court to retain jurisdiction after the term of probation expires for "any period reasonably necessary for . . . adjudication" so long as the warrant or summons was issued before the term expired. Consistent with that statutory text, *Schmidt*, 99 F.3d at 317, held that a district court that issued a summons during a defendant's term of probation retained jurisdiction over probation revocation proceedings even after that term expired. Similarly, *Vargas-Amaya*, 389 F.3d at 906–07, held that, under 18 U.S.C. § 3583 (the analogous statute governing parole revocation proceedings), the district court lacked jurisdiction because it had failed to issue a warrant or summons before the defendant's term of parole expired.

We have consistently recognized that an appeal from a probation revocation or parole revocation proceeding is the proper way to challenge the *timing of that revocation proceeding*—an issue completely independent from the *validity of the underlying sentence* (and an issue that necessarily could not have been appealed in a prior proceeding). *See, e.g.*, *United States v. Morales-Isabarras*, 745 F.3d 398 (9th Cir. 2014) (considering, on appeal from a supervised release revocation proceeding, what delays are "reasonably necessary" to adjudication under 18 U.S.C. § 3583(i)); *United States v. Grant*, 727 F.3d 928, 931–33 (9th Cir. 2013) (considering, on appeal from a probation

revocation proceeding, the circumstances that toll probation for the purposes of 18 U.S.C. § 3565(c)). Those cases do not change our clear rule that the validity of an underlying sentence of probation must be challenged under 28 U.S.C. § 2255. *Gerace*, 997 F.2d at 1295.

As a three-judge panel, we are bound by *Gerace. United States v. Orm Hieng*, 679 F.3d 1131, 1139 (9th Cir.), *cert. denied*, 133 S. Ct. 775 (2012). We also are convinced that it was correctly decided. The statute, 28 U.S.C. § 2255, outlines procedures for challenging the validity of a sentence that a district court "was without jurisdiction to impose . . . or that . . . was in excess of the maximum authorized by law." *Id.* § 2255(a). The petitioner must first move the court that "imposed the sentence to vacate, set aside or correct" the verdict. *Id.* "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law," the court then has a number of options, including setting the judgment aside, resentencing the prisoner, or correcting the sentence. *Id.* § 2255(b). The statute "confers upon the district court broad and flexible power in its actions following a successful § 2255 motion." *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997) (internal quotation marks omitted). Had a § 2255 motion been brought before the district court, it could have corrected the sentence.[2] But the collateral challenge that Defendant

---

[2] The dissent argues that such a motion would have been doomed to fail, because it would have been brought before the same district court that continued to insist on the lawfulness of the 2011 sentence. Dissent at 19. Had the district court been presented with a § 2255 petition and a cogent, well-argued explanation of the problem, we are inclined to take a less cynical view and think that the court would have been willing to correct its mistake. In any event, had the district court denied a timely § 2255 petition, Defendant could have appealed to this court from a posture that

seeks to bring in this appeal would circumvent the statutorily defined procedure.

Allowing a collateral attack on the underlying sentence of probation in an appeal from a probation revocation proceeding would also thwart Congress' statute of limitations for correcting a sentence.  Under 28 U.S.C. § 2255(f)(1), a petitioner has one year from "the date on which the judgment of conviction becomes final" to bring a motion under § 2255. Were we to entertain a challenge to a 2011 sentence via a collateral attack initiated in 2013, not only would we be ignoring the procedures outlined in § 2255, but we also would be defeating the statute of limitations that Congress imposed.

In short, Congress has told us in § 2255 both *how* and *when* we may entertain a challenge to a sentence that was imposed in excess of statutory authority.  The dissent's policy arguments fail to identify an alternate source of authority pursuant to which we may rule on the validity of the underlying sentence.   The dissent argues that the legal avenues available to Defendant were impractical, and that he lacked incentive to petition for relief in a timely fashion. Dissent at 19–23.  But § 2255's time bar *is* the incentive. Collateral consequences are not always apparent immediately—indeed, in many cases, as in Defendant's, they become meaningful only upon a later conviction.  But after the one-year statute of limitations has passed, we may consider a § 2255 motion to vacate, set aside, or correct a sentence only if the petitioner establishes eligibility for equitable tolling by showing "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"

allowed us to consider the validity of the 2011 sentence.

*United States v. Buckles*, 647 F.3d 883, 889 (9th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).[3]

We do not have a freestanding mandate to fix every mistake that we see. For example, we may not consider an asylum applicant's claim, however compelling, that is not first exhausted before the Board of Immigration Appeals. *Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004). We lack jurisdiction over any appeal, no matter how strong the merits, that is untimely filed. *Bowles v. Russell*, 551 U.S. 205, 213 (2007). And we may not use an appeal from a probation revocation proceeding to reach back in time and revisit Defendant's underlying sentence of probation, in contravention of the procedures set by Congress under § 2255.

However much we may agree that the 2011 sentence was imposed in error and that Defendant's 2011 counsel should have moved to correct it promptly, Defendant in fact was still serving a term of probation in 2013. The district court in 2013 therefore had jurisdiction under 18 U.S.C. § 3565(a).

## B. The District Court Did Not Abuse Its Discretion in Imposing a Term of Supervised Release.

In the alternative, Defendant challenges the imposition of a term of supervised release in connection with his 2013 probation violation. "On appeal, we first consider whether

---

[3] We express no opinion as to whether Defendant could still bring a claim for ineffective assistance of counsel or some other claim, and whether equitable tolling would apply to such a claim on account of factors such as those described by the dissent, because those questions are not before us.

the district court committed significant procedural error, then we consider the substantive reasonableness of the sentence." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

The district court committed no procedural error. In applying United States Sentencing Guideline § 5D1.1,[4] the district court noted two facts specific to Defendant's case that suggested the advisability of an added measure of deterrence: (1) Defendant's high number of prior reentries; and (2) the fact that Defendant had promised the district court during the prior proceeding that he would not reenter again, but then he reentered anyway. Nor did the district court commit procedural error in considering the relevant sentencing factors. "The district court need not tick off each of the

---

[4] Guideline § 5D1.1(c) reads:

> The court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment.

Application note 5 to the Guideline explains:

> *Application of Subsection(c)* — . . . . If such a defendant illegally returns to the United States, the need to afford adequate deterrence and protect the public ordinarily is adequately served by a new prosecution. The court should, however, consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case.

U.S.S.G. § 5D1.1(c), cmt. n.5.

§ 3553(a) factors to show that it has considered them."
*Carty*, 520 F.3d at 992.  The record reflects that the district
court considered Defendant's arguments and evidence.
*Daniels*, 541 F.3d at 922.  For example, the district court
specifically noted that Defendant did not have a criminal
record apart from his repeated illegal reentries.  Because the
district court understood its discretion and considered the
specific facts of the case, there is no procedural error.  *Carty*,
520 F.3d at 994–95.

Finally, the imposition of supervised release was not
substantively unreasonable.  We have upheld as substantively
reasonable terms of supervised release for other defendants
who were to be removed at the end of their custodial
sentence.  *See, e.g.*, *United States v. Valdavinos-Torres*,
704 F.3d 679, 692–93 (9th Cir. 2012) (upholding as
reasonable a sentence of supervised release for a removable
defendant where the facts of the case supported the district
court's conclusion that an added measure of deterrence was
necessary), *cert. denied*, 2014 WL 1515736 (U.S. Apr. 21,
2014) (No. 13-7521).  Where, as here, "the district court
considered the specific facts presented by this case and . . . its
sentence was consistent with its assessment of these facts,"
we find no substantive unreasonableness.  *United States v.
Apodaca*, 641 F.3d 1077, 1082 (9th Cir. 2011).

**AFFIRMED.**

BREYER, Senior District Judge, dissenting:

Today the majority affirms an illegal sentence while
acknowledging that "the sentence imposed was clearly

erroneous," Majority Op. at 4, and offers no practical remedy to correct the wrong. I cannot concur in an opinion that upholds clear error, and therefore respectfully dissent.

There is no disagreement that the district court's 2011 sentence of probation coupled with imprisonment was erroneous. This Court has held that such a sentence is illegal, as it exceeds the statutory authority granted by Congress. 18 U.S.C. § 3561(a)(3); *United States v. Forbes*, 172 F.3d 675, 676 (9th Cir. 1999). Nor is there an issue as to whether the Defendant lawfully waived a challenge to an illegal sentence at the time of his plea. Again, this Court has wisely held, along with many of its sister circuits, that appellate courts must reject such a waiver if to enforce it would result in the affirmance of an illegal sentence. *See United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007).[1]

So then what is the rationale supporting an affirmance in this case? The majority relies on two cases discussing remedies, and then offers a wrongly sentenced defendant two options, neither of which make sense.

---

[1] *See also United States v. Andis*, 333 F.3d 886, 891–92 (8th Cir. 2003) ("[A] defendant has the right to appeal an illegal sentence, even though there exists an otherwise valid waiver."); *United States v. Thornbury*, 670 F.3d 532, 539 (4th Cir. 2012) ("We have indeed used the term 'illegal' to describe sentences the appeal of which survive an appellate waiver, but we have done so only where the sentence is alleged to have been beyond the authority of the district court to impose."); *United States v. Teeter*, 257 F.3d 14, 25 & n.10 (1st Cir. 2001) (holding that courts should refuse to honor the waiver if the district court plainly errs in sentencing); *United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011) (stating that a waiver would be enforced unless it would result in "a miscarriage of justice"); *United States v. Soon Dong Han*, 181 F. Supp. 2d 1039 (N.D. Cal. 2002) (Breyer, J.) (discussing problems with prospective, open-ended waivers).

As an initial matter, the majority is correct that the district court had jurisdiction over the Defendant for purposes of a motion to revoke probation.  However, that there was jurisdiction misses the point: the district court clearly exceeded its statutory authority on two occasions.  First, the district court erred by imposing an illegal term of probation in 2011.  Second, the district court erred in 2013 by revoking probation and thereupon imposing a sentence of confinement.  The Defendant appeals here from the district court's second error.  That the district court had jurisdiction does not correct the plain error committed in 2011 and again in 2013.  Plain error is for a reviewing court to correct, but apparently not here.

The majority contends that the appellate remedy chosen by the Defendant is barred by controlling Ninth Circuit precedent, and cites *United States v. Gerace*, 997 F.2d 1293 (9th Cir. 1993), and *United States v. Simmons*, 812 F.2d 561 (9th Cir. 1987), to that effect.  Majority Op. at 6–7.  Neither case is on point.

Both *Gerace* and *Simmons* involved collateral attacks on underlying *convictions* based on factors wholly outside the scope of probation revocation proceedings.  Neither case involved a claim of lack of statutory authority like the one here.  In *Gerace*, the appeal did not challenge the district court's imposition or revocation of probation.  Rather, as the very first sentence of that opinion makes clear, "Gerace argue[d] that he [wa]s entitled to a new sentencing hearing or to withdraw his plea of guilty because the government breached a plea agreement."  *Gerace*, 997 F.2d at 1293.  Here, Defendant seeks neither a new sentence nor to withdraw his plea; he simply challenges the authority of the district court to revoke his illegally imposed probation.

To the extent *Gerace* establishes the broad holding that "[a]n appeal challenging a probation revocation proceeding is not the proper avenue through which to attack the validity of the original sentence," *id.* at 1295 (citing *Simmons*, 812 F.2d at 563), it does so relying entirely on *Simmons*. *Simmons*, like *Gerace*, considered an appeal seeking to withdraw a guilty plea. *See Simmons*, 812 F.2d at 563 ("*Simmons* challenges the guilty plea which led to probation."). The holding in *Simmons* on which *Gerace* relies is clear: "an appeal from a probation revocation is not the proper avenue for a collateral attack on the underlying conviction." *Id.* That the opinion in *Gerace* recited the holding more broadly as "[a]n appeal challenging a probation revocation proceeding is not the proper avenue through which to attack the validity of the original sentence" is of no moment in light of the facts of those cases.[2] It bears repeating: both *Simmons* and *Gerace* considered an appeal seeking to withdraw a guilty plea.[3] Here, Defendant seeks no

---

[2] Nor are the out-of-circuit cases the majority cites on this point persuasive. None of the cases involved either (1) the defendant's removal from the country, or (2) a clearly erroneous sentence. Moreover, illegal reentry cases present unique circumstances which inform defense counsel's judgment as to whether the harm of an illegal sentence is speculative as it depends on a future event, and when appellate review is appropriate in light of the potential for additional time in custody.

[3] The language the majority relies on from *Gerace*, unsurprisingly, comes from the section of the opinion discussing Gerace's contention that the district court judge, in changing Gerace's sentence, violated Rule 11's prohibition against court participation in plea negotiations. Gerace's argument on appeal was that the court's participation rendered the plea agreement invalid, thereby rendering his conviction invalid. In that sense, because Gerace was challenging the validity of his conviction, the court appropriately relied on *Simmons*. Here, Defendant is explicitly not challenging the validity of his conviction, nor could he. His conviction

such thing.      There is no dispute that the imposition of a term of probation *and* a term of imprisonment violated 18 U.S.C. § 3561(a)(3).   Faced with a clearly erroneous sentence, the majority suggests that Defendant should have "moved to correct the underlying sentence under 28 U.S.C. § 2255" or that defense counsel should have "move[d] to vacate, amend, or correct the [2011] sentence."  Majority Op. at 3–4.  These two proposed remedies ignore the realities of this case.

Defendant was an alien who had conceded his removability as part of the 2011 plea agreement.  Defendant's 2011 custodial sentence was for two months time served with the remainder of a six month sentence stayed.  This means that Defendant would have been released from custody and transferred to immigration custody immediately after sentencing on September 19, 2011.  The time Defendant spent in immigration custody would have been extraordinarily brief.[4]  For example, the median time spent by defendants in immigration custody prior to a removal in Fall of 2012 (including people who did not concede removability) was 10 days, with 40 percent of aliens spending three days or less in immigration detention prior to their removal.[5]  *See* TRAC Immigration, *Legal Noncitizens Receive Longest ICE Detention* (2013), *available at* http://trac.syr.edu/

---

was valid, but his sentence was not.

[4] In fact, although not part of the record on review before this Court, immigration records confirm that Defendant was removed from the country on September 20, 2011.

[5] In 2013, for example, Defendant was released from federal criminal custody on January 27, 2014 and removed from the country by immigration enforcement on *the same day*.

immigration/reports/321/ (compiling data from the U.S. Immigration and Customs Enforcement agency's removal statistics *available at* http://www.ice.gov/removal-statistics/index.htm).

The majority suggests that the Defendant could have filed a petition for habeas corpus relief under 28 U.S.C. § 2255 or that he could have moved to correct his sentence, presumably under Fed. R. Crim. Proc. 35. Majority Op. at 3–4. These remedies are impractical for three related reasons: (1) futility; (2) timeliness; and (3) mootness. First, it would have been futile to file a Rule 35 motion to correct the sentence or a habeas petition under § 2255 with the same "court which imposed the sentence." 28 U.S.C. § 2255(a). Even if Defendant had filed a Rule 35 motion or a § 2255 petition, the district court almost certainly would have denied relief. The district court continued to believe, even two years later, that the Ninth Circuit was wrong and that the district court was right: "I do continue to disagree that after imposing a time-served sentence, I was foreclosed from putting him on probation. I think probation was a legal sentence." It is wishful thinking to suggest that the district court would have changed its mind in 2011 in the context of a Rule 35 motion or a habeas petition when the same judge explicitly stated two years later that he still believed the clearly erroneous sentence was lawful. Such a motion would have been futile.

Second, it would have been difficult, if not impossible, for Defendant to timely file either a motion to correct his sentence or a habeas petition, even had his counsel noticed

the error.[6]    Rule 35(a) states that "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. Proc. 35(a).  "This and other circuit courts have held that the fourteen-day deadline is jurisdictional, thus divesting the district court of the power to amend the sentence after fourteen days." *United States v. Aguilar-Reyes*, 653 F.3d 1053, 1055 (9th Cir. 2011).  Thus, the district court would only have had jurisdiction to consider the remedy the majority suggests, a Rule 35 motion to correct the sentence, for fourteen days after the imposition of sentence.[7] Moreover, the Defendant was deported the day after the erroneous sentencing. *See* note 4, *supra*.  Once Defendant was removed and no longer represented by a federal defender, surely there was no way, nor reason why, he would have filed a *pro se* motion or habeas petition from abroad.  As the majority points out, Defendant would have just "one year from 'the date on which the judgment of conviction becomes final' to bring a motion under § 2255." Majority Op. at 11 quoting § 2255(f)(1).  In other words, by the time Defendant was taken into custody in the United States in 2013, both the fourteen-day Rule 35 window and the one-year habeas window had long since closed.  Thus, it is difficult to see how

---

[6] The sentence imposed "was plain error, which was not waived by the failure of counsel to object at the time of sentencing." *United States v. Lawton*, 193 F.3d 1087, 1089 (9th Cir. 1999) *superseded in part on other grounds as recognized in United States v. Tapia*, 665 F.3d 1059, 1063 (9th Cir. 2011).

[7] While there was much discussion over whether the district court had jurisdiction to revoke Defendant's probation in 2013, it is beyond dispute that the district court did *not* have jurisdiction to correct its illegal sentence pursuant to a Rule 35 motion after the fourteen-day window had closed. *Aguilar-Reyes*, 653 F.3d at 1055.

Defendant could have timely availed himself of either of the remedies the majority suggests.**[8]**

Finally, once the Defendant was removed from the country, the day after the district court committed its plain error at sentencing, any attempt to correct the error likely would have been denied as moot.**[9]** The only harm improperly imposed on Defendant was the illegal term of probation. The imposition of probation would not "continue to present a live controversy after the petitioner's release or deportation," *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007), until and unless he reentered the United States. As long as

---

**[8]** A third potential remedy is filing a notice of appeal from the sentencing or the denial of the hypothetical Rule 35 motion in 2011; that again makes no sense. If filed, Defendant would already have been removed. *See* note 4, *supra*. It is difficult to understand the incentive to file a notice of appeal, unless Defendant was contemplating, at the time of his removal, an illegal return to the United States and his subsequent apprehension.

Also, such a remedy would have necessitated substantial delays. The median time from filing a notice of appeal to a final disposition in this Circuit was 17.4 months in 2011. U.S. Court of Appeal - Judicial Caseload Profile - Ninth Circuit Court of Appeals (2012), *available at* http://www.ce9.uscourts.gov/statistics/appeals_court.pdf. Meanwhile, the median prison term imposed on a person convicted of an immigration offense in 2011 in this Circuit was 15 months, meaning half of all people convicted of an immigration offense served less than 15 months in custody. United States Sentencing Commission, *Statistical information Packet Fiscal Year 2011 Ninth Circuit* 10 (2011), *available at* http://www.ussc.gov/Data_and_Statistics/Federal_Sentencing_Statistics /State_District_Circuit/2011/9c11.pdf.

**[9]** While this Court has held that a sentence "of probation meet[s] the 'in custody' requirement for section 2255 jurisdiction," *United States v. Spann*, 75 F.3d 1383, 1386 n.5 (9th Cir. 1996), here there was no actual harm until and unless Defendant returned to the United States.

Defendant was in Mexico, the imposition of probation, albeit illegal, was moot and the case or controversy requirement could not have been satisfied where, as here, the Defendant does not "continue[] to suffer actual collateral consequences." *Zegarra-Gomez v. I.N.S.*, 314 F.3d 1124, 1127 (9th Cir. 2003). Thus, even if defense counsel had realized the error and timely filed a motion to correct or a habeas petition, the relief sought was moot unless and until Defendant reentered the country. The majority seems to suggest that a habeas petition would allow the federal courts to provide prospective relief in the face of uncertain, speculative future harm. Surely it is in the interests of judicial economy and consistent with the well-established doctrine of justiciability for Defendant to have waited to challenge the illegality of the term of probation until the harm from that sentence became real.

Nor is the majority persuasive in suggesting that this Court lacks a "source of authority pursuant to which we may rule on the validity" of the imposition of punishment after the revocation of Defendant's probation. Majority Op. at 11. "The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts." 28 U.S.C. § 1291. An order revoking probation is a final judgment subject to appeal under 28 U.S.C. § 1291. *See, e.g.*, *United States v. Vasquez*, 160 F.3d 1237 (9th Cir. 1998) (reviewing the imposition of punishment upon a revocation of probation pursuant to 28 U.S.C. § 1291). This Court has jurisdiction and with jurisdiction comes a source of authority to correct the clear error in this case.

What happened in this case is analogous to the following hypothetical. A removable alien defendant is convicted of a Class C felony and sentenced to a five-year term of

supervised release in violation of 18 U.S.C. § 3583 which clearly prohibits a term of supervised release greater than three years for a Class C felony.  The defendant has no incentive to file a habeas petition or a direct appeal, either of which could require him to spend months in custody awaiting a disposition or to litigate an effectively moot habeas petition seeking prospective relief for an as yet unrealized harm.  In fact, the illegal sentence would only impact the defendant if he is apprehended within the United States during the fourth or fifth year of supervised release.  During the first three years, the imposition of supervised release was lawful. After the fifth year, the illegal portion of the supervised release would have expired.  Thus, there would be a narrow window of time during which the illegal sentence might possibly prove detrimental to the defendant, but challenging the sentence outside of that window would ensure the defendant spend longer in custody or waste judicial resources resolving a moot habeas petition.  In these circumstances, no effective counsel would challenge or move to correct the illegal sentence until the defendant entered the United States and was apprehended during the two year window and the prospective harm became concrete.

In 2012, the more than 6,000 criminal cases with an illegal reentry charged in district courts within this Circuit accounted for more than 29 percent of all criminal defendants in the Circuit.  United States Courts for the Ninth Circuit, 2012 Annual Report 65 (2013), *available at* http://www.ce9.uscourts.gov/publications/ AnnualReport2012.pdf.  Unlike almost all other criminal cases, people convicted of immigration violations are, with few exceptions, deported upon completion of their sentences. Therefore, it is essential that judges follow the law in imposing sentence.  That did not happen here, as the majority

admits. This appeal presented an entirely appropriate remedy to correct the error upon the revocation of probation in 2013. The majority chose to ignore it, under a flawed analysis of precedent. Therefore, I cannot concur in the judgment.[10]

---

[10] Because this court should have reversed and corrected the clear error below, the panel need not have reached the issue of whether the imposition of a term of supervised release was an abuse of discretion. However, having reached the issue, I agree that the district court did not abuse its discretion in imposing a term of supervised release even though Defendant was a deportable alien. The application note to Guideline § 5D1.1(c) makes clear that a court may impose supervised release on a removable alien "if the court determines it would provide an added measure of deterrence." The record indicates that Defendant's family is in Mexico. Thus, the imposition of supervised release served as an added deterrent to reentry because a violation of supervised release would result in a longer separation from Defendant's family than would a conviction for another reentry alone.